7/28/2023 6:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 78009503
By: Bernitta Barrett
Filed: 7/28/2023 6:02 PM

**CAUSE NO. _____**

|  |  |  |
|---|---|---|
| **VINDUSTRIALIST, LLC,** | ) | **IN THE DISTRICT COURT** |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | |
| | ) | |
| **WILMINGTON SAVINGS FUND** | ) | **\_\_\_\_ JUDICIAL DISTRICT** |
| **SOCIETY, FSB, NOT IN ITS** | ) | |
| **INDIVIDUAL CAPACITY BUT SOLELY** | ) | |
| **AS OWNER TRUSTEE ON BEHALF OF** | ) | |
| **ANTLR MORTGAGE LOAN TRUST** | ) | **OF HARRIS COUNTY, TEXAS** |
| **2021-RTL1,** | ) | |
| | | |
| **Defendant.** | | |

```
┌─────────────┐
│   EXHIBIT   │
│     C1      │
└─────────────┘
```

**PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR EX-PARTE
TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

COMES NOW the Plaintiff, Vindustrialist, LLC, complaining of the defendant as named above,

as follows:

**I. THE PARTIES**

1.      Plaintiff, <u>VINDUSTRIALIST, LLC</u> ("Vindustrialist" or "Plaintiff"). Vindustrialist Texas

limited liability company with an address of 2007 Brentwood Dr., Houston, TX 77019.  Pursuant

to that certain warranty deed identified below, Vindustrialist is the current owner of the property

that is the subject of this petition commonly known as 826 Bunker Hill Road, Houston, Texas

77024 (the "Property"), legally described as:

LOT THIRTY-FIVE (35), IN BLOCK FIVE (5), OF MARIAN OAKS, AN ADDITION IN
HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED
IN VOLUME 46, PAGE 37 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

2.      Defendant, <u>WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS</u>

<u>INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE ON BEHALF OF ANTLR</u>

<u>MORTGAGE LOAN TRUST 2021-RTL1</u> ("Wilmington"). Plaintiff is informed and believes, and

1

thereon alleges, that Wilmington is a foreign corporation doing business in the County of Harris, State of Texas.

## II. JURISDICTION

3.    The transactions and events which are the subject matter of this Petition primarily occurred within the County of Harris, State of Texas and affected the Property the subject of this Petition which is located within the County of Harris, State of Texas. Venue is proper in Harris County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code.

4.    The amount in controversy is within the jurisdictional limits of this Court.

5.    This Court has personal jurisdiction over all parties.

## III. FACTUAL ALLEGATIONS

6.    On or about February 23, 2007, Vindustrialist entered into a mortgage transaction with the original lender Finance of America Commercial, LLC by obtaining a $576,000 mortgage loan secured by the Property. This transaction was memorialized in a deed of trust which was filed in the Harris County Property Records as document no. RP-2021-385958 (the "Deed of Trust").  *See* Exhibit 1 – Deed of Trust.  The mortgage note and Deed of Trust together referred to herein as the "Loan."

7.    In regards to substitution of a trustee, section 5.15 (d) of the Deed of Trust states:

(d) Substitution of Trustee. Beneficiary, at Beneficiary's sole option and discretion, may from time to time appoint a successor trustee (the "Successor Trustee") in replacement of any Trustee appointed hereunder, by instrument executed and acknowledged by Beneficiary, or its successors in interest, and recorded in the land records of the public office wherein the Deed of Trust is recorded. *The instrument appointing the Successor Trustee shall contain the names of the original Beneficiary, Trustee, Trustor, and the book and page (or other recording) number where this Deed of Trust is recorded*, and the name and address of the Successor Trustee. The Successor Trustee, without conveyance of the Property, shall succeed to all the title, power and duties conferred upon the Trustee in this Deed of Trust and by applicable law. (emphasis added).

8.      The Loan had a maturity date of February 1, 2023.

9.      At the Loan closing, Vindustrialist received title to the Property through a warranty deed. *See* Exhibit 2 – Warranty Deed.

10.      On June 6, 2023, the Loan was assigned to Wilmington. Exhibit 3 –2023 Loan Assignment. The assignment identifies the instrument being assigned as Document No. "RP-2021-385958."

11.      Upon information and belief, BSI Financial Services is the current mortgage servicer of the Loan acting on Wilmington's behalf.

12.      Wilmington has noticed the Property for a non-judicial foreclosure sale to take place on August 1, 2023. Exhibit 4 - Notice of Sale for August 1, 2023.  The notice of sale was also the document Wilmington used to substitute trustees.

13.      The notice of sale incorrectly identifies the instrument to be foreclosed on as Document No. "2021-385958."

14.      On June 21, 2023,  Vindustrialist applied to BSI Financial Services for a maturity date extension.  BSI responded by saying:

> Thank you so much for your email. Unfortunately, this is not a request that our Loss Mitigation team handles.  This would have to be discussed directly with FACO servicing and our customer care team. You are more than welcome to call in to 1-800-327-7861 to reach a representative to assist with your request.

15.      "FACO" is short for Finance of America Commercial.

16.      The information supplied by BSI was false and erroneous because FACO had already assigned the Loan to Wilmington over 45-days before.

17.      Vindustrialist relied on this information by contacting a company (FACO) that did not even own the Loan any longer, instead of contacting Wilmington.

## IV.

**FIRST CAUSE OF ACTION**: Declaratory Judgment that the Notice of Sale Violates Texas Law

18.    Plaintiff hereby adopts by reference each and every paragraph above as if fully and completely set forth herein.

19.    A controversy also exists as to whether Wilmington has acted in a business-like manner, with a view of obtaining as large a price as possible, with due diligence, and common fairness to Vindustrialist.

20.    The Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to this action.  Each party's status will determine the rights and duties between Vindustrialist and Wilmington at it relates to the Loan and the Property.  Therefore, Vindustrialist, as borrower and legal owner of the Property, is a proper party to seek a declaratory judgment to resolve these issues.

21.    Foreclosure by nonjudicial sale is a "harsh remedy" and therefore lenders must have "strict adherence" to the nonjudicial sale statutes for a sale to be valid.  *In re George West 59 Inv., Inc.*, 526 B.R. 650, 666 (N.D. Tex. Bkry. 2015) (citing *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 768 (Tex.1983)).  It is declared that in giving the notice of sale the mortgagee is required to act in a business-like manner, with a view of obtaining as large a price as he reasonably can, with due diligence on his part, and in common fairness to all others interested, and that in any matter left to his discretion there must be a fair and honest exercise of his judgment. *Reisenberg v. Hankins*, 258 S.W. 904, 909-10 (Tex. Civ. App.–Amarillo 1924).  Because sales by mortgagees under powers are much liable to abuse, they are most jealously watched by courts of equity, and upon slight proof of unfair conduct they will be set aside. *Id.* at 910.

22.    "Compliance with the notice [of sale] condition contained in the Deed of Trust and as prescribed by law is a prerequisite to the right of the Trustee to make the sale." *Houston First Am. Sav.*, 650 S.W.2d at 768. Noncompliance with the deed of trust and the statutory requirements can render a foreclosure sale void. *Myrad Props., Inc. v. La Salle Bank, Nat'l Ass'n*, 252 S.W.3d 605, 615 (Tex. App.–Austin 2008, pet. granted), *rev'd on other grounds*, 300 S.W.3d 746 (Tex. 2009).

23.    The mortgage trustee's duty is to act with "absolute impartiality and fairness" to all concerned. *First State Bank v. Kleilman*, 851. S.W.2d 914, 925 (Tex. App.–Austin 1993, writ denied) (citing *Hammonds v. Holmes,* 559 S.W.2d 345, 347 (Tex.1977)).  The duty owed is to strictly comply with the loan documents and the law. *Id.* (citing *American Savings & Loan Association v. Musick,* 517 S.W.2d 627 (Tex. Civ. App.—Houston [14th Dist.] 1974), *rev'd on other grounds,* 531 S.W.2d 581 (Tex.1975)).

24.    Vindustrialist seeks a declaration that Wilmington has not acted in a business-like manner, with a view of obtaining as large a price as it reasonably can, with due diligence on its part, and in common fairness to all others interested because Wilmington put an incorrect document number for the deed of trust on the notice of sale.

25.    Vindustrialist seeks a declaration that Wilmington has not, in all matters left to its discretion, exercised fair and honest judgment in seeking non-judicial foreclosure of the Property because Wilmington put an incorrect document number for the deed of trust on the notice of sale.

26.    Vindustrialist seeks a declaration that a foreclosure sale of the Property on August 1, 2023 would be void for failure to comply with Texas law.  Vindustrialist requests the scheduled sale of the Property on August 1, 2023 be enjoined.

**V.**

**SECOND CAUSE OF ACTION: Declaratory Judgment that the Substitution of Trustee Violates Texas Law**

27.    Plaintiff hereby adopts by reference each and every paragraph above as if fully and completely set forth herein.

28.    A controversy exists whether a valid substitute trustee was appointed in the Notice of Sale.

Section 51.0076, Texas Property Code, states:

The appointment or authorization of a trustee or substitute trustee made in a notice of sale is effective as of the date of the notice if the notice:
(1) complies with Sections 51.002 and 51.0075(e);
(2) is signed by an attorney or agent of the mortgagee or mortgage servicer; and
(3) contains a statement in all capital letters, boldface type, to read as follows:
THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

Tex. Prop. Code Ann. § 51.0076 (italics added).

29.    Wilmington attempted to utilize this provision to substitute the trustee in the notice of sale. However, substitution of trustees must be done in strict compliance with the deed of trust. *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671 (1942).

30.    Section 5.15 (d) of the deed of trust states that any document used to substitute trustees must state the document number of the Deed of Trust. Here, the notice of sale was the document used to substitute trustees and the notice of sale did not contain the correct document file number for the Deed of Trust.

31.    Vindustrialist seeks a declaration that Wilmington has not strictly complied with the Deed of Trust because Wilmington put an incorrect document number for the deed of trust in the notice of sale.

32.    Vindustrialist seeks a declaration that a foreclosure sale of the Property on August 1, 2023 would be void for failure to comply with Texas law by failing to strictly comply with the Deed of Trust.  Vindustrialist requests the schedule sale of the Property on August 1, 2023 be enjoined.

## VI.
## THIRD CAUSE OF ACTION: Breach of Contract

33.    Plaintiff hereby adopts by reference each and every paragraph above as if fully and completely set forth herein.

34.    The Loan constitutes a valid and enforceable contract between Vindustrialist and Wilmington.

35.    Vindustrialist, as a counterparty to the Loan, is a proper party to sue for breach of contract.

36.    Vindustrialist is excused from performing his contractual obligations because Wilmington treated the Loan contract as continuing after Vindustrialist's default.   *See Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F.Supp.2d 828, 837 (W.D. Tex. 2013) (citing *Henry v. Masson,* 333 S.W.3d 825, 840 (Tex. App.-Houston [1st Dist.] 2010, no pet.)).   "If the non-breaching party elects to treat the contract as continuing after a breach and continues to demand performance, it obligates itself to perform fully." *Id.*  In *Mathis,* the mortgage lender argued the borrower could not bring a claim for breach of contract alleging the lender foreclosed in violation of the deed of trust. *Id.* at 837. The *Mathis* court ruled that argument a "dead letter" because the lender had obviously treated the loan contract as continuing by seeking foreclosure. *Id.*

37.    Section 5.15 (d) of the Deed of Trust states that any document used to substitute trustees must state the document number of the Deed of Trust.

38.    Wilmington breached Section 5.15 (d) of the Deed of Trust because the notice of sale was the document used to substitute trustees and the notice of sale did not contain the correct doucument file number for the Deed of Trust.

39.     Vindustrialist requests specific performance of the contract requiring Wilmington to fulfill their contractual obligations by putting the correct doucment file number for the Deed of Trust on any notice of sale and/or document substituting trustees.

40.     Alternatively, Wilmington's breaches of the Deed of Trust caused Vindustrialist damages in an amount to be proven at trial and that is within the jurisdictional limits of this court.

### VII.
### FOURTH CAUSE OF ACTION: Unreasonable Debt Collection Efforts

41.     Plaintiff hereby adopts by reference each and every paragraph above as if fully and completely set forth herein.

42.     This is a cause of action for the commission of unreasonable collection efforts in violation of the common law of the State of Texas.

43.     On June 21, 2023,  Vindustrialist applied to BSI Financial Services for a maturity date extension.  BSI responded by saying:

> Thank you so much for your email. Unfortunately, this is not a request that our Loss Mitigation team handles.  This would have to be discussed directly with FACO servicing and our customer care team. You are more than welcome to call in to 1-800-327-7861 to reach a representative to assist with your request.

44.     "FACO" is short for Finance of America Commercial.

45.     The information supplied by BSI was false and erroneous because FACO had already assigned the Loan to Wilmington over 45-days before.

46.     Vindustrialist relied on this information by contacting a company (FACO) that did not even own the Loan any longer, instead of contacting Wilmington. In fact, FACO stated they were shutting down their operations.

47.     Such acts and practices of the defendant Wilmington have been unreasonable and have violated the ordinary standard of care required of mortgage lenders in Texas.

48.     This breach has proximately caused damages to Vindustrialist exceeding the minimum jurisdictional limits of this Court. *See Emp. Fin. Co. v. Lathram*, 363 S.W.2d 899 (Tex. App.— Fort Worth 1962), aff'd in part, rev'd in on other grounds *Emps. Fin. Co. v. Lathram*, 369 S.W.2d 927 (Tex. 1963); *Ware v. Packston*, 359 S.W.2d 897 (Tex. 1962); *see also* Tex. Jur. Collections Section 10.

49.     Vindustrialist therefore seeks recovery of all actual damages sustained, all actual direct and indirect economic damages, including but not limited to damages for loss of credit and damages to credit reputation, any consequential damages, and punitive damages all in amounts exceeding the minimum jurisdictional limits of this Court.

50.     Vindustrialist also requests the schedule sale of the Property on August 1, 2023 be enjoined.

## VIII.
## ATTORNEY'S FEES

51.     Vindustrialist has retained the services of the undersigned counsel of record, and accordingly, Vindustrialist sues for the recovery of reasonable attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 37.009 and §38.001, et seq.

## IX.
## STATEMENT REGARDING RELIEF SOUGHT AND DISCOVERY

52.     As required by Tex. R. Civ. P. 47(c), Vindustrialist states that they seek monetary relief of less than $250,000 and non-monetary relief.

53.     Vindustrialist states that a Level 2 discovery control plan applies in this case.

## X. APPLICATION FOR INJUNCTIVE RELIEF

A.     TRO'S AND INJUNCTIONS IN THE FORECLOSURE CONTEXT:

54.     The most common situation involving the use of injunctive relief in connection with

foreclosure involves an application by the debtor to restrain a pending nonjudicial foreclosure sale. Numerous cases have been decided by Texas courts dealing with this situation, and where appropriate, courts act to enjoin nonjudicial foreclosure sales to protect and preserve the status quo pending final resolution of the dispute between the debtor and the creditor on the merits. *See, e.g.*, *Kaplan v. Tiffany Dev. Corp.*, 69 S.W.3d 212, 218 (Tex. App.—Corpus Christi 2001, no pet.); *Seaborg Jackson Partners v. Beverly Hills Sav.*, 753 S.W.2d 242, 244-45 (Tex. App.—Dallas 1988, no writ); *W.P. Swanson v. Grassedonio*, 647 S.W.2d 716, 718 (Tex. App.—Corpus Christi 1983, no writ). Anyone with an interest in property who will be affected, including a lienholder, can challenge a foreclosure sale. *See, e.g., G4 Trust v. Consolidated Gasoline, Inc.,* No. 02-10-00404-CV, 2011 WL 3835656 at *1 (Tex. App.—Fort Worth 2011, pet. denied) (memorandum opinion) (collecting cases).

55.     Temporary restraining orders are defined by Rule 680 of the Texas Rules of Civil Procedure. Temporary restraining orders, unlike temporary injunctions, may be granted without notice to the adverse party. Tex. R. Civ. P. 680. However, an application for a temporary restraining order must be accompanied by an affidavit or verified petition clearly establishing from "specific facts … that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon". *Id*. The court may grant a temporary restraining order restraining an adverse party for a period of only 14 days. *Id.*

56.     Unlike temporary restraining orders, no temporary injunction may be issued without notice to the adverse party. Tex. R. Civ. P. 681. A temporary injunction also differs from a temporary restraining order, in terms of the duration of the restraint granted by a trial court's interlocutory order. Unlike a temporary restraining order, which is limited in duration, a temporary injunction is effective for as long as the applicant's cause of action remains pending and until final judgment

has been entered on the merits of the applicant's cause of action. *Keck v. First City Nat'l Bank of Houston*, 731 S.W.2d 699, 700 (Tex. App.--Houston [14th Dist.] 1987, no writ).   Temporary injunctions, unlike temporary restraining orders, cannot be founded simply upon sworn pleadings or affidavits, but require the presentation of evidence. *Letson v. Barnes*, 979 S.W.2d 414, 417 (Tex. App.—Amarillo 1998, pet. denied).

B.   STANDARD FOR EX PARTE TRO

57.   Inasmuch as a temporary restraining order may be obtained without notice to the adverse party, it is most often sought where immediate relief is necessary to protect the applicant. In order to obtain immediate relief without notice, however, the application for a temporary restraining order must clearly demonstrate from specific facts that the applicant will suffer "immediate and irreparable injury, loss, or damage" before notice can be served on the adverse party and a hearing on the application can be held. In the foreclosure context, the applicant generally sets forth that he or she owns certain property which is the subject of certain security documents, that there has been notice of a foreclosure sale with respect to the Property, and that the applicant has a proper basis to restrain the foreclosure sale to prevent interference by the creditor with the owner's property rights in the collateral.   15 TEX. PRAC., TEXAS FORECLOSURE LAW & PRAC. § 11.34; *Ex parte Conway*, 419 S.W.2d 827, 828 (Tex. 1967).

C.   STANDARD FOR TEMPORARY INJUNCTION

58.   To obtain a temporary injunction, equity requires the applicant to plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim if the injunction is not granted. *Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 235 (Tex. App.--Houston [1st Dist.] 2003, no pet.); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002);

11

*Khaledi v. H.K. Global Trading, Ltd.*, 126 S.W.3d 273, 280 (Tex. App.--San Antonio 2003, no pet.).

D.    IMMEDIATE AND IRREPARABLE INJURY, LOSS, OR DAMAGE WILL RESULT IF THE T.R.O. IS NOT GRANTED

59.    The foreclosure sale and/or any further transfer of ownership or encumbrance must be enjoined because the evidence elicited herein by this application is sufficient to show immediate and irreparable injury, loss, or damage to Vindustrialist. Vindustrialist's declarations and documentary evidence show a probable right to a temporary injunction on all causes of action against the Defendants.

60.    The wrongful conduct of the defendant, unless restrained and enjoined by an order of the court, will continue to cause great and irreparable harm to Vindustrialist. Exhibit 5 (Declaration of Vinh Truong); Exhibit 6 (Declaration of Jeffrey C. Jackson). Vindustrialist will not have the beneficial ownership and use of the Property. *Id.* Vindustrialist has no other plain, speedy or adequate remedy and the injunctive relief is necessary and appropriate at this time to prevent irreparable loss to Vindustrialist. Vindustrialist has suffered and will continue to suffer in the future unless the defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it will be impossible for Vindustrialist to determine the precise amount of damage he will suffer. *Id.*

61.    Defendant cannot be served in time as the trustee sale date is August 1, 2023. *Id.*

E.    THE STANDARD FOR TEMPORARY INJUNCTION IS SATISFIED

62.    Vindustrialist will show upon notice and hearing that it has: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim if the injunction is not granted. *See Bowen*, 106 S.W.3d at 235; *Butnaru*, 84 S.W.3d at 204; *Khaledi*, 126 S.W.3d at 280.

## PRAYER FOR RELIEF

WHEREFORE, Vindustrialist prays for the following, in addition to what may be requested above, for each Cause of Action to be awarded:

- Judgment in favor of Plaintiff on all Counts;

- Actual damages;

- An award of Plaintiffs' reasonable attorney's fees and costs under Tex. Civ. Prac. & Remedies Code §§ 37.009

- Pre-judgment and post judgment interest on monetary relief;

- Injunctive relief as pleaded for above;

- For declaratory relief specified above, and a declaration that Plaintiff is the prevailing party;

- Such other and further relief as the nature of the case may require and as Vindustrialist deems itself entitled.

**TRIAL BY JURY**: Vindustrialist requests a trial by jury and will tender the fee for such, if any, as required by the Court.

Respectfully submitted,

**Jeffrey Jackson & Associates, PLLC**

By. /s/ *Jeffrey C. Jackson*
Jeffrey C. Jackson
SBOT # 24065485
Charles "Danny" Brooks
SBOT # 24126064
jeff@jjacksonllp.com
danny@jjacksonllp.com
2500 E. TC Jester Blvd., Ste. 285
Houston, TX 77008
Tel. 713-861-8833
Fax.713-682-8866
jeff@jjacksonllp.com
ATTORNEYS FOR PLAINTIFF

13

This instrument was prepared by
and after recording should be
returned to:

Finance of America Commercial LLC
6230 Fairview Road, Suite 300
Charlotte, NC 28210

Harris County, Texas

---

COMMERCIAL DEED OF TRUST, ASSIGNMENT OF
LEASES AND RENTS, SECURITY AGREEMENT, FINANCING STATEMENT AND
FIXTURE FILING

BY

VINDUSTRIALIST, LLC

as Trustor,

TO

McCarthy & Holthus, LLP

as Trustee,

FOR THE BENEFIT OF

FINANCE OF AMERICA COMMERCIAL LLC,
as Beneficiary

Dated and Effective:  As of 07/02/2021

Location of Property:  826 BUNKER HILL RD, HOUSTON, TX 77024, Harris County, Texas

---

PORTIONS OF THE PROPERTY ARE GOODS WHICH ARE OR ARE TO BECOME
AFFIXED TO OR FIXTURES ON THE PREMISES DESCRIBED IN OR REFERRED TO IN
EXHIBIT A. THIS DEED OF TRUST IS TO BE FILED FOR RECORD OR RECORDED IN
THE REAL ESTATE RECORDS OF EACH COUNTY (OR, TO THE EXTENT SIMILAR
RECORDS ARE MAINTAINED AT THE CITY OR TOWN LEVEL INSTEAD OF THE
COUNTY LEVEL, EACH SUCH CITY OR TOWN) IN WHICH SAID PREMISES OR ANY
PORTION THEREOF IS LOCATED.

Texas Form of Deed of Trust
FACo 4044                                  1                          Version: 8/31/17

GF# 2129879 Unit# 81
Stewart Title of Montgomery County, Inc.

RP-2021-385958

THIS COMMERCIAL DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT, FINANCING STATEMENT AND FIXTURE FILING (hereinafter referred to as this "Deed of Trust") is dated as of 07/02/2021, the date set forth on the notary acknowledgment hereto, and effective as of 07/02/2021 (the "Effective Date"), from VINDUSTRIALIST, LLC, a/an Texas limited liability company, with a mailing address and principal place of business at 2007 Brentwood Dr, Houston, TX 77019 as Grantor, referred to herein as "Trustor", to McCarthy & Holthus, LLP, whose address is 1255 West 15th Street, Suite 1060, Plano, TX 75075 ("Trustee") for the benefit of Finance of America Commercial LLC, a Delaware limited liability company, with a mailing address and principal place of business located at 6230 Fairview Road, Suite 300, Charlotte, NC 28210, in its capacity as lender under the Loan Agreement (as defined below) and beneficiary (in such capacity, together with its successors and assigns, hereinafter referred to as "Beneficiary"). Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Loan Agreement (as defined below).

I.
RECITALS

WHEREAS, Trustor is the owner of fee simple title in and to the real property located in Harris County, TX (the "State"), described in Exhibit A attached hereto and made a part hereof (the "Premises"), which Premises forms a portion of the Property defined below.

WHEREAS, reference is made to that certain Commercial Loan Agreement dated as of the Effective Date (as amended, supplemented, restated or otherwise modified from time to time, the "Loan Agreement"), by and among Trustor and Beneficiary, pursuant to which Beneficiary made to Trustor the Loan (as defined in the Loan Agreement), which Loan is evidenced by the Promissory Note, dated as of 07/02/2021, in the original principal amount of Five Hundred Seventy-Six Thousand Dollars and Zero Cents ($576,000.00), with a maturity date of 02/01/2023 (unless renewed or extended) (the "Note"). Trustor has agreed to execute and deliver this Deed of Trust as a condition to the execution and delivery of the Loan Agreement.

II.
GRANT

NOW, THEREFORE, in order to secure the Secured Obligations (as defined below), and in consideration of Ten and NO/100 Dollars ($10.00) in hand paid by Beneficiary to Trustor, the Recitals above stated, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Trustor hereby GRANTS, BARGAINS, SELLS, ASSIGNS, RELEASES, ALIENS, TRANSFERS, WARRANTS, DEMISES, CONVEYS and MORTGAGES unto Trustee, in trust for the benefit of Beneficiary and Beneficiary's heirs, successors and assigns, forever, and grants unto Trustee for the benefit of Beneficiary and Beneficiary's successors and assigns, forever, a continuing security interest in and to, all of Trustor's estate, right, title, claim and interest in and to the Premises, together with all of Trustor's estate, right, title, claim and interest in and to the Property (as defined in Exhibit B), all of which other property is pledged primarily on a parity with the Premises and not secondarily.

"Secured Obligations" shall mean the Obligations (as defined in the Loan Agreement), and shall include, and be deemed to include, (i) all unpaid principal of, and accrued and unpaid interest on

the Loan (including any future advances made after the Effective Date), (ii) all accrued and unpaid fees and all expenses, reimbursements, indemnities and other obligations and indebtedness (including interest and fees accruing during the pendency of any bankruptcy, insolvency, administration, examinership, receivership or other similar proceeding, regardless of whether allowed or allowable in such proceeding), and (iii) the performance of obligations and satisfaction of liabilities of Trustor and any guarantor to Beneficiary (whether existing on the Effective Date or arising thereafter, direct or indirect, joint or several, absolute or contingent, matured or unmatured, liquidated or unliquidated, secured or unsecured, arising by contract, operation of law or otherwise) arising or incurred under this Deed of Trust, the Loan Agreement or any of the other Loan Documents or otherwise in respect of the Loans.

**TO HAVE AND TO HOLD** the Property and all parts thereof hereby granted or mentioned and intended so to be, with the appurtenances, unto Trustee for the benefit of Beneficiary, and its successors and assigns, upon the terms hereof.

Trustor represents and warrants that (i) Trustor has good and marketable fee simple title to the Premises and good and valid title to the other Property, (ii) this Deed of Trust constitutes a valid, enforceable, first priority deed of trust on the Premises, and security interest in, the Property, (iii) Trustor has the right and authority to mortgage, convey and assign the Property and perform its obligations hereunder, and (iv) Trustor's interest in and to the Property is unencumbered by any liens, security interests, or other encumbrances or similar matters that would or may reasonably be expected to adversely affect the value of the Property, whether recorded or unrecorded, and whether statutory or contractual (collectively, "Liens") and Trustor will warrant and defend generally the title to the Property against all lawful claims and demands.

III.
GENERAL AGREEMENTS

3.1     Payment of Indebtedness. Trustor shall pay promptly and when due all amounts owing by Trustor in respect of the Secured Obligations at the times and in the manner provided in the Loan Documents.

3.2     Performance of Covenants. Trustor shall perform each and every covenant and other obligation set forth in the Loan Agreement, as and when due, including without limitation, to: (a) comply with all applicable laws pursuant to Section 4.1 of the Loan Agreement, (b) pay all Taxes and Other Charges on the Property prior to delinquency pursuant to Section 4.2 of the Loan Agreement, (c) maintain Required Insurance and surrender any insurance proceeds in respect of the Property to Lender pursuant to Sections 4.3 and 4.4 of the Loan Agreement, (d) ensure no Liens are incurred with respect to the Property, and (e) not permit any Transfer of the Property or a change of control of the Trustor as provided in Section 4.5 and 4.11 of the Loan Agreement. Trustor shall additionally: (i) not subdivide the Premises into additional parcels, and (ii) not initiate or acquiesce in any change in zoning or other land use classification.

3.3     Assignment of Leases and Rents.

(a)     All right, title, and interest of Trustor in and to all Leases and Rents are hereby transferred and assigned simultaneously herewith to Beneficiary. Such assignment shall be a

Texas Form of Deed of Trust
FACo 4044                                    3                          Version: 8/31/17

present and absolute assignment, but Beneficiary shall not exercise any of the rights with respect thereto until an Event of Default shall exist.

(b)     Following the occurrence of an Event of Default, (i) this Deed of Trust shall constitute a direction to each lessee under the Leases and each guarantor thereof to pay all Rents directly to Beneficiary without proof of the Event of Default, and (ii) Beneficiary shall have the authority, as Trustor's attorney-in-fact (such authority being coupled with an interest and irrevocable), to sign the name of Trustor and to bind Trustor on all papers and documents relating to the operation, leasing and maintenance of the Property.

(c)     If Trustor shall fail to perform as required under any Lease, Beneficiary shall be permitted but not required to perform in place of Trustor, and all costs and expenses incurred in connection therewith shall constitute Secured Obligations payable as of the date incurred with interest thereon at the highest rate set forth in the Loan Agreement.  Mortgagee shall not be obligated to perform or discharge any obligation or duty to be performed or discharged by Mortgagor under any of the Leases.

(d)     Trustor shall indemnify and hold the Beneficiary harmless of and from any and all liability, loss or damage which Beneficiary may incur under any Lease and of and from any and all claims and demands whatsoever, which may be asserted against it by reason of alleged obligations or undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in such Lease.  Should Beneficiary incur any such liability, loss or damage under any Lease or under or by reason of its assignment to Beneficiary, or in the defense of any claims or demands, the amount thereof, including costs, expenses and reasonable attorneys' fees, shall constitute Secured Obligations, payable upon incurrence with interest at the highest rate set forth in the Loan Agreement.

3.4     Uniform Commercial Code.

(a)     This Deed of Trust constitutes a Security Agreement as that term is used in the Uniform Commercial Code (the "Code") in the State, with respect to any part of the Property which, under applicable law, may be subject to a security interest pursuant to the Code, including without limitation, any part of the Property deemed to be personal property, fixtures or property other than real estate (including all replacements thereof, additions thereto and substitutions therefor) (collectively, the "Personal Property Collateral").  Trustor hereby grants to, and creates in favor of, Beneficiary a security interest in and to the Personal Property Collateral, whether now owned or hereafter acquired, and including all products and proceeds of said items as security for the payment of the Secured Obligations.  Any reproduction of this instrument or of any other security agreement or financing statement shall be sufficient as a financing statement.

(b)     At any time after an Event of Default has occurred, Beneficiary and Trustee shall have all rights and remedies of a secured party under the Code, including without limitation, the right to take immediate and exclusive possession of the Personal Property Collateral or any part thereof.  The remedies of Beneficiary and Trustee hereunder are cumulative and the exercise of any one or more of the remedies provided for herein or under the Code shall not be construed as a waiver of any of the other remedies of the Beneficiary, including having the Personal Property Collateral deemed part of the realty upon any foreclosure so long as any part of the Secured

Texas Form of Deed of Trust
FACo 4044                                    4                              Version: 8/31/17

Obligations remains unsatisfied. Without limiting the foregoing, in exercising any of said remedies, Beneficiary may proceed against the items of real property and any items of personal property specified as part of the Property separately or together and in any order whatsoever, without in any way affecting the availability of Beneficiary's remedies under the Code or of the remedies otherwise provided in this instrument.

(c)     This Deed of Trust shall be effective as a financing statement and is intended to be a "fixture filing" for purposes of Section 5/9-102 of the Code with respect to the items of Property which are or may become fixtures relating to the Premises upon recording of this Deed of Trust in the real estate records of the proper office where any of the Property is situated. The names and addresses of Trustor (Debtor) and Beneficiary (Secured Party) are set forth in the preamble hereof. Trustor is the owner of the record interest in the Premises.

(d)     Trustor hereby authorizes Beneficiary to record in the County in which the Premises is located, as well as with the filing office in the applicable state, such financing statements and fixture filings, and any amendments or modification thereto, as Beneficiary shall deem necessary or appropriate to perfect the security interest granted by this Deed of Trust (which may describe the property covered thereby as "all assets" of the debtor).

3.5     Subrogation. Beneficiary shall be subrogated to all right, title, and claims of all persons to whom Beneficiary has paid any sum for any claims, charges or otherwise.

3.6     Non-Residential Loan. The Loan secured by this Deed of Trust is made, and all proceeds thereof will be used solely for, commercial, investment or business purposes. The Loan is not for personal, household or family use of any direct or indirect owner of Trustor or any of their affiliates (together with the Trustor, collectively, the "Relevant Parties"). The Property is not the principal residence or second home of any Relevant Party and Trustor covenants and agrees that no Relevant Party shall occupy the Property as a principal residence or second home in the future.

IV.
EVENT OF DEFAULT AND REMEDIES

4.1     Event of Default. The occurrence of an "Event of Default," as such term is defined in the Loan Agreement, shall constitute an "Event of Default" under this Deed of Trust.

4.2     Foreclosure and Sale. If an Event of Default has occurred, Beneficiary may, at its election and through any nominee, assignee or otherwise, institute proceedings for the complete foreclosure of this Deed of Trust, in which case the Property may be sold for cash or credit in one or more parcels. For any notices required under the Code, Trustor agrees that five (5) business days' prior written notice shall be deemed commercially reasonable.

4.3     Remedies; Remedies Cumulative and Non-Waiver. Beneficiary and Trustee shall be entitled to each and every right and remedy available at law or in equity upon the occurrence of an Event of Default. No remedy or right of Beneficiary or Trustee hereunder or under the Loan Documents shall be exclusive of any other right or remedy. No delay or omission to exercise any remedy or right shall impair any such remedy or be construed a waiver of any Event of Default, nor shall it affect any subsequent Event of Default of the same or a different nature, nor shall it

extend or affect any grace period. Every remedy or right may be exercised concurrently or independently, when and as often as Beneficiary or Trustee may determine.

4.4     Expenses.  In any proceeding to foreclose or partially foreclose the lien of this Deed of Trust, there shall be included as additional indebtedness, all expenses paid or incurred by or on behalf of Beneficiary and Trustee in the protection of the Property and the exercise of Beneficiary's and Trustee's rights and remedies hereunder or under the Loan Documents, which expenses may be estimated as to items to be expended after any non-judicial foreclosure sale or entry of any judgment or decree of foreclosure. All such expenses shall be due and payable by Trustor upon incurrence with interest at the highest rate set forth in the Loan Agreement.

4.5     Beneficiary's Performance of Trustor's Obligations.  Following the occurrence of an Event of Default, Beneficiary, either before or after acceleration of the Secured Obligations or the foreclosure of the lien hereof and during the period of redemption, if any, may, but shall not be required to (a) make any payment or perform any act herein or in any other Loan Document which is required of Trustor in any form and manner determined by Beneficiary; (b) make full or partial payments of principal or interest on any permitted prior deed of trust, mortgage, lien or encumbrance and purchase, discharge, compromise or settle any tax lien or other prior lien on title or claim thereof, or redeem from any tax sale or forfeiture affecting the Premises, or contest any Taxes or Other Charges; and (c) complete construction, furnishing and equipping of the Improvements upon the Premises and rent, operate and manage the Premises and such Improvements, so that the Premises and Improvements shall be operational and usable for their intended purposes. Any amounts so expended shall constitute Secured Obligations and shall be due and payable upon incurrence with interest thereon at the highest rate set forth in the Loan Agreement. Beneficiary shall not be required to inquire as to the accuracy of any bill, statement, or prior lien in making any protective advance hereunder or under the other Loan Documents.

4.6     Right of Possession.  Following the occurrence of an Event of Default, Trustor shall, immediately upon demand surrender to Beneficiary, and Beneficiary shall be entitled to take actual possession of the Property or any part thereof, personally or by its agent or attorneys. To the extent not prohibited by applicable law, Beneficiary may enter upon and take and maintain possession or may apply to the court in which a foreclosure is pending to be placed in possession of all or any part of the Property, together with all documents, books, records, papers, and accounts of Trustor or the then owner of the Property relating thereto. Beneficiary may exclude Trustor, such owner and any agents and servants from the Property. As attorney-in-fact or agent of Trustor or such owner, or in its own name, Beneficiary may hold, operate, manage, and control all or any part of the Property, either personally or by its agents. Beneficiary shall have full power to use such measures, legal or equitable, as it may deem proper or necessary to enforce the payment or security of the Rents, issues, deposits, profits, and avails of the Property, including actions for recovery of Rent, actions in forcible detainer, and actions in distress for Rent, all without notice to Trustor.

4.7     Application of Income Received by Beneficiary.  Any Rents of the Property shall be applied in the manner determined by Beneficiary, in Beneficiary's sole discretion.

4.8     Appointment of Receiver.  Upon, or at any time after, the filing of a complaint to foreclose (or partially foreclose) this Deed of Trust, the court in which such complaint is filed shall, upon petition by Beneficiary, appoint a receiver for the Property. Such appointment may be made either

Texas Form of Deed of Trust
FACo 4044                                    6                          Version: 8/31/17

before or after foreclosure sale, without notice, without regard to the solvency or insolvency, at the time of application for such receiver, of the person or persons, if any, liable for the payment of the Secured Obligations, without regard to the value of the Property at such time and whether or not the same is occupied as a homestead, and without bond being required of the applicant. Beneficiary or any employee of Beneficiary thereof may be appointed as such receiver. Such receiver shall have all powers and duties prescribed by applicable law, including the power to take possession, control, and care of the Property and to collect all Rents thereof during the pendency of such foreclosure suit or proceeding and, in the event of a sale and deficiency, where Trustor has not waived its statutory rights of redemption, if any, during the full statutory period of redemption, as well as during any further times when Trustor or its devisees, legatees, heirs, executors, administrators, legal representatives, successors, or assigns, except for the intervention of such receiver, would be entitled to collect such Rents. The court from time to time, either before or after any non-judicial foreclosure sale or entry of judgment of foreclosure, may authorize the receiver to apply the net income in his hands in payment in whole or in part of: (a) the indebtedness secured hereby, or by any non-judicial foreclosure sale or any decree foreclosing this Deed of Trust, or any tax, special assessment or other lien which may be or become superior to the lien hereof or of such decree, provided such application is made prior to foreclosure sale, and (b) the deficiency in case of a sale and deficiency.

4.9     Foreclosure Sale. In the event of any foreclosure sale, the Property may be sold in one or more parcels or lots. Beneficiary may bid for and acquire the Property or any part thereof at any sale made under or by virtue of this Deed of Trust and, in lieu of paying cash therefor, may make settlement for the purchase price by crediting against the purchase price the unpaid amounts due and owing in respect of any Secured Obligations after deducting from the sales price the expenses of the sale and the costs of the action or proceedings and any other sums that Beneficiary is authorized to deduct under this Deed of Trust or applicable law.

4.10    Adjournment of Foreclosure Sale. Beneficiary may adjourn from time to time any sale by it to be made under or by virtue of this Deed of Trust by announcement at the time and place appointed for such sale or for such adjourned sale or sales, and, except as otherwise provided by any applicable provisions of law, Beneficiary, without further notice or publication, may make such sale at the time and place to which the same shall be so adjourned.

4.11    Application of Proceeds of Foreclosure Sale. The proceeds of any foreclosure sale shall be applied in the manner determined by Beneficiary, in Beneficiary's sole discretion.

4.12    Waiver of Statutory Rights. Trustor shall not apply for or avail itself of any appraisement, valuation, redemption, stay, extension, or exemption laws, or any so-called "moratorium laws," now existing or hereafter enacted, in order to prevent or hinder the enforcement or foreclosure of this Deed of Trust, or the exercise by Beneficiary of any right or remedy hereunder, and Trustor hereby knowingly, voluntarily, and intentionally waives the benefit of such laws. Trustor, for itself and all who may claim through or under it, waives any and all rights to have the Property and estates comprising the Property marshaled upon any foreclosure of the lien of this Deed of Trust, and agrees that Beneficiary or any court having jurisdiction to foreclose such lien may order the Property sold in its entirety. Trustor further waives any and all rights (if any) of redemption from foreclosure and from sale under any order or decree of foreclosure of the lien created by this Deed of Trust, for itself and on behalf of (i) any trust estate of which the Premises are a part; (ii) all

Texas Form of Deed of Trust
FACo 4044                                   7                              Version: 8/31/17

RP-2021-385958

beneficially interested Persons; (iii) each and every Person acquiring any interest in the Property or title to the Premises subsequent to the date of this Deed of Trust; and (iv) all other Persons to the extent permitted by the provisions of laws of the State in which the Premises is located.

4.13    Effect of Judgment. The obtaining of any judgment by Beneficiary and any levy of any execution under any judgment upon the Property shall not affect in any manner or to any extent the lien of this Deed of Trust upon the Property or any part thereof, or any Liens, powers, rights and remedies of Beneficiary hereunder, but such Liens, powers, rights and remedies shall continue unimpaired as before until the judgment or levy is satisfied.

## V.
## MISCELLANEOUS

5.1    Notices. Any notice shall be provided in the manner required in the Loan Agreement.

5.2    Time of Essence. Time is of the essence of this Deed of Trust.

5.3    Covenants Run with Land. All of the covenants of this Deed of Trust shall run with the land constituting the Premises.

5.4    Governing Law. This Deed of Trust shall be governed by and construed in accordance with the laws of the State of New York, except that at all times the provisions for the creation, perfection, priority, enforcement and foreclosure of the liens and security interests created in the deed of trust property under the loan documents shall be governed by and construed according to the law of the state where the deed of trust property is located. To the fullest extent permitted by the law of the state where the deed of trust property is located, the laws of the State of New York shall govern the validity and enforceability of all loan documents, and the debt or obligations arising hereunder (but the foregoing shall not be construed to limit lender's rights with respect to such security interest created in the state where the deed of trust property is located).

5.5    Severability. If any provision of this Deed of Trust, or any paragraph, sentence, clause, phrase, or word, or their application, in any circumstance, is held invalid, the validity of the remainder of this Deed of Trust shall be construed as if such invalid part were never included.

5.6    Non-Waiver. Unless expressly provided in this Deed of Trust to the contrary, no consent or waiver, express or implied, by any party, to or of any breach or default by any other party shall be deemed a consent to or waiver of the performance by such defaulting party of any other obligations or the performance by any other party of the same, or of any other, obligations.

5.7    Headings. The headings of sections and paragraphs in this Deed of Trust are for convenience or reference only and shall not be construed in any way to limit or define the content, scope, or intent of the provisions.

5.8    Grammar. As used in this Deed of Trust, the singular shall include the plural, and masculine, feminine, and neuter pronouns shall be fully interchangeable, where the context so requires.

Texas Form of Deed of Trust
FAC# 4044                                    8                        Version: 8/31/17

5.9    Deed in Trust. If title to the Property or any part thereof is now or hereafter becomes vested in a trustee, any prohibition or restriction against the creation of any lien on the Property shall be construed as a similar prohibition or restriction against the creation of any lien on or security interest in the beneficial interest of such trust.

5.10    Successors and Assigns. This Deed of Trust shall be binding upon Trustor, its successors, assigns, legal representatives, and all other persons or entities claiming under or through Trustor.

5.11    Counterparts. This Deed of Trust may be executed in any number of separate counterparts, each of which shall collectively and separately constitute one Deed of Trust.

5.12    Mortgagee-in-Possession. Nothing contained in this Deed of Trust shall be construed as constituting Beneficiary a mortgagee-in-possession in the absence of the actual taking of possession of the Property.

5.13    Incorporation of Loan Agreement; No Conflicts. The terms of the Loan Agreement are incorporated by reference herein as though set forth in full detail. To the extent a conflict exists between the terms of the Loan Agreement and this Deed of Trust, the terms of the Loan Agreement shall control.

5.14    No Strict Construction. The parties hereto have participated jointly in the negotiation and drafting of this Deed of Trust. In the event an ambiguity or question of intent or interpretation arises, this Deed of Trust shall be construed as if drafted jointly by the parties hereto and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of this Deed of Trust.

5.15    Trustee Provisions.

    (a)    Acceptance by Trustee. Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

    (b)    Waiver of Compensation. Trustee waives any statutory fee (if any) and shall accept reasonable compensation from Beneficiary in lieu thereof for any services rendered by it in accordance with the terms hereof.

    (c)    Action in Accordance with Instructions. Upon receipt by Trustee of instructions from Beneficiary at any time or from time to time, Trustee shall (a) give any notice or direction or exercise any right, remedy or power hereunder or in respect of any part or all of the Property as shall be specified in such instructions, and (b) approve as satisfactory all matters required by the terms hereof to be satisfactory to Trustee or to Beneficiary. In addition, at any time or from time to time, upon request of Beneficiary and presentation of this Deed of Trust for endorsement, and without affecting the liability of any Person for payment of the Secured Obligations, Trustee may, upon such request, reconvey all or any part of the Property, consent to the making of any map or plat thereof, join in granting an easement thereon, or join in any extension agreement or any agreement subordinating the lien and estate hereof.

        i.    If Trustor fails to execute, acknowledge or deliver to Beneficiary any and all mortgages, assignments, transfers, assurances, financing statements, maps, and other

Texas Form of Deed of Trust
FACo 4044                                      9                              Version: 8/31/17

instruments or documents required to be so executed, acknowledged or delivered hereunder, within fifteen (15) days after Beneficiary's demand (or such lesser period as may be provided herein), then Trustor hereby appoints Beneficiary as Trustor's true and lawful attorney-in-fact (such authority being coupled with an interest and irrevocable).

    ii.    Notwithstanding the foregoing, unless expressly released in a signed writing by Beneficiary, none of Trustee's actions shall waive any security interest, reconvey this Deed of Trust, or affect or release the liability of Trustor or any other person/entity for payment of any indebtedness secured hereby, or for performance of any obligations, or any of the terms, covenants and conditions hereof.

    (d)    Substitution of Trustee.  Beneficiary, at Beneficiary's sole option and discretion, may from time to time appoint a successor trustee (the "Successor Trustee") in replacement of any Trustee appointed hereunder, by instrument executed and acknowledged by Beneficiary, or its successors in interest, and recorded in the land records of the public office wherein the Deed of Trust is recorded. The instrument appointing the Successor Trustee shall contain the names of the original Beneficiary, Trustee, Trustor, and the book and page (or other recording) number where this Deed of Trust is recorded, and the name and address of the Successor Trustee. The Successor Trustee, without conveyance of the Property, shall succeed to all the title, power and duties conferred upon the Trustee in this Deed of Trust and by applicable law.

5.16    **Waiver of Jury Trial.  TO THE FULLEST EXTENT PERMITTED BY LAW, TRUSTOR HEREBY VOLUNTARILY, KNOWINGLY, IRREVOCABLY AND UNCONDITIONALLY WAIVES ITS RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, THE SUBJECT MATTER OF THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS OR THE RELATIONSHIP THAT IS BEING ESTABLISHED HEREUNDER.**

5.17    Exhibit C.  The terms of Exhibit C are hereby incorporated by reference, with the full force and effect as if set forth herein. In the event of any inconsistency between the provisions set forth in Exhibit C hereto and the remainder of this Deed of Trust, the terms and provisions of Exhibit C shall govern and control.

(SIGNATURE PAGE FOLLOWS)

RP-2021-385958

IN WITNESS WHEREOF, Trustor has duly signed and delivered this Deed of Trust as of the Effective Date.

VINDUSTRIALIST, LLC,
a Texas limited liability company

By: _____
Name: Vinh Truong
Its: Sole Member and Manager

**ACKNOWLEDGEMENT**

STATE OF _Texas_ )
                                    )
COUNTY OF _Harris_ )

BEFORE ME, a Notary Public, in and for said county and state personally appeared Vinh Truong, the Sole Member and Manager of VINDUSTRIALIST, LLC, a Texas limited liability company, who acknowledged that he/she executed the foregoing Deed of Trust, Assignment of Rents and Leases, Security Agreement, Financing Statement and Fixture Filing and that the same is the free act and deed of said Sole Member and Manager and of him/her personally and as such officer or authorized signatory on behalf of said LLC.

On this 2 day of July, 2021

CYNTHIA B CRUZ
NOTARY ID #5231616
My Commission Expires
March 13, 2022

[Seal]

_____
NOTARY PUBLIC

RP-2021-385958

## EXHIBIT A

### Legal Description of Premises

**Legal Description:**

Lot  Thirty-five  (35), in Block Five (5). of MARIAN OAKS, an addition in Harris County,
Texas according to the map or plat thereof recorded in Volume  46,  Page 37 of the Map Records
of Harris County, Texas.

**Address of Premises:**

826 BUNKER HILL RD
HOUSTON, TX 77024

**Tax or Assessor Parcel Number:**

0831630000035

RP-2021-385958

## EXHIBIT B

The term "Property" as used herein shall mean and include:

A.    The Premises;

B.    The buildings, structures and improvements now or hereafter located on the Premises (the "Improvements"), all of which are declared to be a part of the Premises encumbered hereby and which shall not be removed from the Premises other than as expressly permitted in the Loan Agreement, and all rights and interest of Trustor in and to: (i) the streets and roads abutting the Premises, to the center lines thereof, and the strips and gores within or adjoining the Premises; (ii) the air space and right to use said air space above the Premises; (iii) all rights of ingress and egress by pedestrians and motor vehicles to parking facilities on or within the Premises; (iv) all easements now or hereafter affecting the Premises; (v) royalties and all rights appertaining to the use and enjoyment of the Premises, including, without limitation, alley, drainage, sewer, mineral, water, oil and gas rights, rights-of-way, vaults, ways, passages, water courses, water rights and powers; (vi) any and all rights, but not obligations, arising under or with respect to any recorded development declarations, CC&Rs (covenants, conditions, and restrictions), REAs (reciprocal easement agreements), and similar documents, and (vii) all estates, rights, titles, interests, privileges, liberties, tenements, hereditaments and appurtenances whatsoever, in any way belonging, relating or appertaining to the Premises or any part thereof, or which hereafter shall in any way belong, relate or be appurtenant thereto and the reversion and reversions, remainder and remainders thereof;

C.    All fixtures and articles of personal property and all appurtenances and additions thereto and substitutions or replacements thereof, now or hereafter attached to, contained in, used or intended to be incorporated in or used in connection with the Premises or the Improvements or placed on any part thereof, though not attached thereto, including, but not limited to, all building materials, screens, awnings, shades, blinds, curtains, draperies, carpets, rugs, furniture and furnishings, heating, lighting, plumbing, ventilating, air conditioning, refrigerating, incinerating and elevator plants, stoves, ovens (microwave, convection and others), refrigerators, freezers, ranges, vacuum cleaning systems, call systems, sprinkler systems and other fire prevention and extinguishing apparatus and materials, motors, machinery, pipes, appliances, equipment, fittings, fixtures and articles of personal property, all of which are hereby declared and shall be deemed to be fixtures and accessions to the Premises and a part of the Premises, and which shall be deemed to be a portion of the security for the Secured Obligations secured by this Deed of Trust, and all trade names, trademarks, tradestyles, service marks, copyrights, service contracts, computers and computer software, telephone equipment and systems, warranties, guarantees, business and building licenses and permits, architects and engineers plans, blueprints and drawings relating to the Premises (all of the items described in this paragraph C, the "Personal Property");

D.    All leases, lettings and licenses of the Premises or the Improvements or any part thereof now or hereafter entered into by the Trustor as landlord (the "Leases"), and the rents, receipts, issues, profits, accounts receivable and revenues of the Property from time to time accruing under the Leases (including without limitation all rental payments, tenant security deposits and escrow funds) including, without limitation, the right to receive and collect the rents, issues and profits payable thereunder (the "Rents");

E.    All extensions, improvements, betterments, renewals, substitutions and replacements of, and all additions and appurtenances to, the foregoing, hereafter acquired by, or

RP-2021-385958

released to, Trustor, or constructed, assembled or placed by Trustor or by others for Trustor's benefit thereon, and all conversions of the security constituted thereby, which immediately upon such acquisition, release, construction, assembling, placement or conversion, as the case may be, and in each such case, without any further conveyance, assignment or other act by Trustor, shall become subject to the lien of this Deed of Trust as fully and completely, to the extent of Trustor's interest therein, and with the same effect, as though now owned by Trustor and specifically described herein;

F.     All unearned premiums, accrued, accruing or to accrue under insurance policies now or hereafter obtained by Trustor in respect of any of the foregoing Property under paragraphs A-E above and all proceeds of the conversion, voluntary or involuntary, of the foregoing Property under paragraphs A-E above or any part thereof into cash or liquidated claims, including, without limitation, proceeds of claims under hazard and title insurance policies and all awards and compensation heretofore and hereafter made to the present and all subsequent owners of the foregoing Property under paragraphs A-E above by any governmental or other lawful authorities for the taking by eminent domain, condemnation or otherwise, of all or any part of the Improvements, Premises or any easement therein, including awards for any change of grade of streets;

G.     All rights of Trustor under any contracts executed by Trustor with any provider of goods or services for or in connection with any construction undertaken on or services performed or to be performed in connection with the Premises or the Improvements; and

H.     All accessions to any of the foregoing Property under paragraphs A-G above and all substitutions, renewals, improvements and replacements of and additions thereto; all after-acquired property of the nature described above; all products and proceeds of any of the foregoing Property under paragraphs A-G above including all such proceeds acquired with cash proceeds in whatever form, whether real or personal property and, if personalty, whether such property shall constitute "goods," "accounts," "inventory," "equipment," "instruments," "chattel paper," "documents" or "general intangibles," all as defined under Article 9 of the Code in effect in the State.

B-2

## EXHIBIT C

### TEXAS LOCAL LAW PROVISIONS

Section 1.01    Principles of Construction.    Without limiting Section 5.4, to the extent that the laws of the State of Texas govern the interpretation or enforcement of this Deed of Trust, (a) the provisions of this Exhibit C shall apply, and (b) in the event of any inconsistencies between the terms and conditions of this Exhibit C and the other terms and provisions of this Deed of Trust, the terms and conditions of this Exhibit C shall control and be binding.

Section 1.02    Power of Sale.    Any foreclosure against any real property constituting part of the Property under the power of sale granted under this Deed of Trust, including without limitation, pursuant to Section 4.2, shall be conducted in accordance with the following provisions:

(a)    Public Sale.

(i)    Trustee, or its successors or substitutes, is hereby authorized and empowered, and it shall be the Trustee's special duty, upon such request of Beneficiary, to sell or offer for sale the Property upon the occurrence of an Event of Default, in such portions, order and parcels as Beneficiary may determine, with or without having first taken possession of the same, to the highest bidder for cash at public auction in accordance with the requirements of Section 51.002 of the Texas Property Code, as it may be amended, supplemented, replaced or succeeded from time to time (the "Texas Property Code"). In instances where the Property is located in the State of Texas, such sale shall be made at the courthouse of the county in which the Property (or any portion thereof to be sold) is located, whether the parts or parcels thereof, if any, in different counties are contiguous or not, and without the necessity of having any personal property present at such sale. Each such sale shall be made in the area designated by the county commissioners for foreclosure sales (or, if no area has been designated, at the location at the courthouse designated by Beneficiary by or through Trustee in the written notice hereinafter described), on the first Tuesday of a month between the hours of 10:00 a.m. and 4:00 p.m. after advertising the time, place and terms of sale and that portion of the Property to be sold by posting or causing to be posted written or printed notice thereof at least twenty-one (21) days before the date of the sale, both at the courthouse door of each county in which the Property is located and with the county clerk of each county in which the Property is located, which notice shall be posted at the courthouse door and filed with the county clerk by Trustee, or by any Person acting for him. The written notice shall include the earliest time at which the sale will be held and otherwise comply with the then applicable requirements of Section 51.002 of the Texas Property Code.

(ii)    Beneficiary shall serve, or shall cause to be served, at least twenty-one (21) days before the date of sale written or printed notice of the proposed sale by certified mail on each debtor obligated to pay the indebtedness according to the records of Beneficiary by the deposit of such notice in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address as shown by the records of Beneficiary. If and to the extent that the Texas Property Code shall at any time or from time to time be amended to change the manner or procedure of sale as set forth above, then the provisions of this paragraph shall be deemed to be automatically amended to conform such provisions to the amended

RP-2021-385958

provisions of the Texas Property Code. The affidavit of a Person knowledgeable of the facts to the effect that service was completed is prima facie evidence thereof.

(b)   Right to Require Proof of Financial Ability and/or Cash Bid.   At any time during the bidding, Trustee may require a bidding party (A) to disclose its full name, state and city of residence, occupation, and specific business office location, and the name and address of the principal the bidding party is representing (if applicable), and (B) to demonstrate reasonable evidence of the bidding party's financial ability (or, if applicable, the financial ability of the principal of such bidding party, as a condition to the bidding party submitting bids at the foreclosure sale. If any such bidding party (the "Questioned Bidder") declines to comply with Trustee's requirement in this regard, or if such Questioned Bidder does respond but Trustee, in Trustee's sole and absolute discretion, deems the information or the evidence of the financial ability of the Questioned Bidder (or, if applicable, the principal of such bidding party) to be inadequate, then Trustee may continue the bidding with reservation; and in such event (1) Trustee shall be authorized to caution the Questioned Bidder concerning the legal obligations to be incurred in submitting bids, and (2) if the Questioned Bidder is not the highest bidder at the sale, or if having been the highest bidder the Questioned Bidder fails to deliver the cash purchase price payment promptly to Trustee, all bids by the Questioned Bidder shall be null and void. Trustee may, in Trustee's sole and absolute discretion, determine that a credit bid may be in the best interest of Trustor and Beneficiary, and elect to sell the Deed of Trust Property for credit or for a combination of cash and credit; provided, however, that Trustee shall have no obligation to accept any bid except an all cash bid. In the event Trustee requires a cash bid and cash is not delivered within a reasonable time after conclusion of the bidding process, as specified by Trustee, then said contingent sale shall be null and void, the bidding process may be recommenced, and any subsequent bids or sale shall be made as if no prior bids were made or accepted.

(c)   Partial Foreclosure.   The sale by Trustee of less than the whole of the Property shall not exhaust the power of sale herein granted, and Trustee is specifically empowered to make successive sale or sales under such power until the whole of the Property shall be sold; and, if the proceeds of such sale of less than the whole of the Property shall be less than the aggregate of the Secured Obligations and the expense of executing this trust as provided herein, this Deed of Trust and the lien hereof shall remain in full force and effect as to the unsold portion of the Property just as though no sale had been made; provided, however, that Trustor shall never have any right to require the sale of less than the whole of the Property but the Beneficiary shall have the right, at its sole election, to request Trustee to sell less than the whole of the Property. Trustee may, after any request or direction by the Beneficiary, sell not only the Property but also the Collateral and other interests which are a part of the Property, or any part thereof as a unit and as a part of a single sale, or may sell any part of the Property separately from the remainder of the Property. It shall not be necessary for Trustee to have taken possession of any part of the Property or to have present or to exhibit at any sale any of the Collateral.

(d)   Trustee's Deeds.   Trustee shall make to the purchaser or purchasers at such sale good and sufficient conveyances in the name of Trustor, conveying the property so sold to the purchaser or purchasers with general warranty of title by Trustor, subject to the permitted encumbrances (and to such leases and other matters, if any, as Trustee may elect upon request of the Beneficiary), and shall receive the proceeds of said sale or sales and apply the same as herein

C-2

RP-2021-385958

provided. Payment of the purchase price to Trustee shall satisfy the obligation of purchaser at such sale therefor, and such purchaser shall not be responsible for the application thereof.

The power of sale granted herein shall not be exhausted by any sale held hereunder by Trustee or its substitute or successor, and such power of sale may be exercised from time to time and as many times as Beneficiary may deem necessary until all of the Property has been duly sold and all Secured Obligations have been fully paid. In the event any sale hereunder is not completed or is defective in the opinion of the Beneficiary, such sale shall not exhaust the power of sale hereunder and the Beneficiary shall have the right to cause a subsequent sale or sales to be made hereunder. Any and all statements of fact or other recitals made in any deed or deeds or other conveyances given by Trustee or any successor or substitute appointed hereunder as to nonpayment of the Secured Obligations or as to the occurrence of any default, or as to the Beneficiary's having declared all of the Secured Obligation to be due and payable, or as to the request to sell, or as to notice of time, place and terms of sale and the properties to be sold having been duly given, or as to the refusal, failure or inability to act of Trustee or any substitute or successor trustee, or as to the appointment of any substitute or successor trustee, or as to any other act or thing having been duly done by the Beneficiary or by such Trustee, substitute or successor, shall be taken as prima facie evidence of the truth of the facts so stated and recited. Trustee or its successor or substitute may appoint or delegate any one or more persons as agent to perform any ministerial act or acts necessary or incident to any sale held by Trustee, including the posting or filing of notices, but in the name and on behalf of Trustee, its successor or substitute. If Trustee or its successor or substitute shall have given notice of sale hereunder, any successor or substitute Trustee thereafter appointed may complete the sale and the conveyance of the property pursuant thereto as if such notice had been given by the successor or substitute Trustee conducting the sale.

In the event there is a foreclosure sale hereunder and at the time of such sale, Trustor or Trustor's heirs, devisees, representatives, successors or assigns are occupying or using the Property, or any part thereof, each and all shall immediately become the tenant of the purchaser at such sale, which tenancy shall be a tenancy from day to day, terminable at the will of either landlord or tenant, at a reasonable rental per day based upon the value of the Property occupied, such rental to be due daily to the purchaser; and to the extent permitted by applicable law, the purchaser at such sale shall, notwithstanding any language herein apparently to the contrary, have the sole option to demand immediate possession following the sale or to permit the occupants to remain as tenants at will. In the event the tenant fails to surrender possession of said property upon demand, the purchaser shall be entitled to institute and maintain a summary action for possession of the property (such as an action for forcible detainer) in any court having jurisdiction.

    (c)    Deficiency. In the event an interest in any of the Property is foreclosed upon pursuant to a judicial or nonjudicial foreclosure sale, Trustor agrees as follows. Notwithstanding the provisions of Sections 51.003, 51.004, and 51.005 of the Texas Property Code (as the same may be amended from time to time), and to the extent permitted by law, Trustor agrees that Beneficiary shall be entitled to seek a deficiency judgment from Trustor and any other party obligated on the Note equal to the difference between the amount owing on the Note and the amount for which the Property was sold pursuant to judicial or nonjudicial foreclosure sale. Trustor expressly recognizes that this section constitutes a waiver of the above cited provisions of the Texas Property Code which would otherwise permit Trustor and other persons against whom recovery of deficiencies is sought or any guarantor independently (even absent the initiation of

C-3

deficiency proceedings against them) to present competent evidence of the fair market value of the Property as of the date of the foreclosure sale and offset against any deficiency the amount by which the foreclosure sale price is determined to be less than such fair market value. Trustor further recognizes and agrees that this waiver creates an irrebuttable presumption that the foreclosure sale price is equal to the fair market value of the Property for purposes of calculating deficiencies owed by Trustor, any guarantor, and others against whom recovery of a deficiency is sought.

Alternatively, in the event the waiver provided for in subsection (v) above is determined by a court of competent jurisdiction to be unenforceable, the following shall be the basis for the finder of fact's determination of the fair market value of the Property as of the date of the foreclosure sale in proceedings governed by Sections 51.003, 51.004 and 51.005 of the Texas Property Code (as amended from time to time): (i) the Property shall be valued in an "as is" condition as of the date of the foreclosure sale, without any assumption or expectation that the Property will be repaired or improved in any manner before a resale of the Property after foreclosure; (ii) the valuation shall be based upon an assumption that the foreclosure purchaser desires a resale of the Property for cash promptly (but no later than twelve (12) months) following the foreclosure sale; (iii) all reasonable closing costs customarily borne by the seller in commercial real estate transactions should be deducted from the gross fair market value of the Property, including, without limitation, brokerage commissions, title insurance, a survey of the Property, tax prorations, attorneys' fees, and marketing costs; (iv) the gross fair market value of the Property shall be further discounted to account for any estimated holding costs associated with maintaining the Property pending sale, including, without limitation, utilities expenses, property management fees, taxes and assessments (to the extent not accounted for in (iii) above), and other maintenance, operational and ownership expenses; and (v) any expert opinion testimony given or considered in connection with a determination of the fair market value of the Property must be given by persons having at least five (5) years' experience in appraising property similar to the Property and who have conducted and prepared a complete written appraisal of the Property taking into consideration the factors set forth above.

Section 1.03    Suretyship Provisions.

(a)    As used in this Section, the term "Obligated Party" shall mean each of Trustor and any other person obligated on, providing a guarantor or other surety of, or pledgor of collateral for the Secured Obligations, and the term "Obligated Parties" shall mean any two or more of such Obligated Parties, collectively.

(b)    Beneficiary may bring an action against any Obligated Party, whether an action is brought against other Obligated Parties. It shall not be necessary for Beneficiary, in order to enforce this Deed of Trust, (1) first to institute suit or pursue or exhaust any rights or remedies against another Obligated Party or others liable on the Secured Obligations for such payment or performance, or to enforce any rights against any collateral that shall ever have been given to secure the Secured Obligations, or (2) to join an Obligated Party or any others liable for the payment or performance of the Secured Obligations or any part thereof in any action against other Obligated Parties or any other person, or to resort to any other means of obtaining payment or performance of the Secured Obligations. Provided, however, nothing herein contained shall prevent Beneficiary or any Beneficiary from suing on the Secured Obligations or foreclosing on

C-4

RP-2021-385958

RP-2021-385958

any collateral or from exercising any other rights or remedies. Suit may be brought or demand may be made against any Obligated Party or against all parties who have signed this Deed of Trust, the Loan Documents or any guaranty covering all or any part of the Secured Obligations, or against any one or more of them, separately or together, without impairing the rights of Beneficiary against any party hereto. Any time that Beneficiary is entitled to exercise its rights or remedies hereunder, it may in its discretion elect to demand payment and/or performance. If Beneficiary elects to demand performance, it shall at all times thereafter have the right to demand payment until all of the Secured Obligations have been paid and performed in full. If Beneficiary elects to demand payment, it shall at all times thereafter have the right to demand performance until all of the Secured Obligations have been paid and performed in full.

(c)    Trustor agrees that any of the following will not release Trustor from the Secured Obligations:

(i)    any partial or full release, whether express or by operation of law, which may be given by Beneficiary or any Beneficiary to the other Obligated Parties;

(ii)    the death, insolvency, bankruptcy, disability, dissolution, liquidation, termination, receivership, reorganization, merger, consolidation, change of form, structure or ownership, sale of all assets, or lack of corporate, partnership or other power of any Obligated Party;

(iii)    any limitation of liability or recourse in any of this Deed of Trust or a Loan Document or arising under any law;

(iv)    the taking or accepting of any other security or guaranty for, or right of recourse with respect to, any or all of the Secured Obligations;

(v)    any release, surrender, abandonment, exchange, alteration, sale or other disposition, subordination, deterioration, waste, failure to protect or preserve, impairment, or loss of, or any failure to create or perfect any lien or security interest with respect to, or any other dealings with, any collateral or security at any time existing or purported, believed or expected to exist in connection with any or all of the Secured Obligations, including any impairment of any Obligated Party's recourse against any person or collateral;

(vi)    either with or without notice to or consent of an Obligated Party: with respect to any other Obligated Party, any renewal, extension, modification or rearrangement of the terms of any or all of the Secured Obligations and/or any of the Loan Documents, including, without limitation, material alterations of the terms of payment (including changes in maturity date(s) and interest rate(s)) or performance (including changes in the terms or aspects of construction of any improvements on the property securing the Note) or any other terms thereof, or any waiver, termination, or release of, or consent to departure from, any of the Loan Documents or any other guaranty of any or all of the Secured Obligations, or any adjustment, indulgence, forbearance, or compromise that may be granted from time to time by Beneficiary or any Beneficiary to any other Obligated Party;

(vii)    any neglect, lack of diligence, delay, omission, failure, or refusal of Beneficiary or any Beneficiary to take or prosecute (or in taking or prosecuting) any action for the

C-5

collection or enforcement of any of the Secured Obligations, or to foreclose or take or prosecute any action to foreclose (or in foreclosing or taking or prosecuting any action to foreclose) upon any security therefor, or to exercise (or in exercising) any other right or power with respect to any security therefor, or to take or prosecute (or in taking or prosecuting) any action in connection with any Loan Document, or any failure to sell or otherwise dispose of in a commercially reasonable manner any collateral securing any or all of the Secured Obligations;

(viii)   any failure of Beneficiary or any Beneficiary on one or more occasions to notify an Obligated Party, with respect to another Obligated Party, of any creation, renewal, extension, rearrangement, modification, supplement, subordination, or assignment of the Secured Obligations or any part thereof, or of any Loan Document, or of any release of or change in any security, or of any other action taken or refrained from being taken by Beneficiary or any Beneficiary against such other Obligated Party or any security or other recourse, or of any new agreement between Beneficiary or any Beneficiary and such other Obligated Party, it being understood that Beneficiary and the Beneficiaries shall not be required to give an Obligated Party any notice of any kind under any circumstances with respect to or in connection with any other Obligated Party, any and all rights to notice an Obligated Party may have otherwise had being hereby waived by each Obligated Party;

(ix)   if for any reason Beneficiary or any Beneficiary is required to refund any payment by an Obligated Party to any other Obligated Party or pay the amount thereof to someone else;

(x)   the existence of any claim, counterclaim, setoff, defense or other right that Trustor may at any time have against another Obligated Party, or any other person, whether or not arising in connection with this Deed of Trust, or any other Loan Document;

(xi)   the unenforceability of all or any part of the Secured Obligations against another Obligated Party, whether because the Secured Obligations exceed the amount permitted by law or violate any usury law, or because the act of creating the Secured Obligations, or any part thereof, is ultra vires, or because the officers or persons creating same acted in excess of their authority, or because of a lack of validity or enforceability of or defect or deficiency in any of the Loan Documents, or because another Obligated Party has any valid defense, claim or offset with respect thereto, or because another Obligated Party's obligation ceases to exist by operation of law, or except with respect to Trustor, because of any other reason or circumstance, it being agreed that Trustor shall remain liable hereon regardless of whether another Obligated Party or any other person be found not liable on the Secured Obligations, or any part thereof, for any reason (and regardless of any joinder of another Obligated Party or any other party in any action to obtain payment or performance of any or all of the Secured Obligations); or

(xii)   any order, ruling or plan of reorganization emanating from proceedings under the Bankruptcy Code with respect to another Obligated Party or any other person, including any extension, reduction, composition, or other alteration of the Secured Obligations with respect thereto, whether or not consented to by Beneficiary.

C-6

RP-2021-385958

(d)     Trustor shall not have any right to assert against Beneficiary any claim, counterclaim, defense or setoff which such Trustor may have against the other Obligated Parties or any other party liable to Beneficiary for the Secured Obligations.

(e)     Trustor agrees that it is solely responsible for keeping itself informed as to the financial condition of the other Obligated Parties and of all circumstances which bear upon the risk of nonpayment.  Trustor waives any right it may have to require Beneficiary to disclose to Trustor any information which Beneficiary may now or hereafter acquire concerning the financial condition of the other Obligated Parties.

(f)     Trustor represents and warrants to Beneficiary that it has and will derive benefit, directly and indirectly, from the loans evidenced by the Loan Documents.  Obligated Parties agree that Beneficiary will not be required to inquire as to the disposition by any Obligated Party of funds disbursed in accordance with the terms of the Loan Documents.

(g)     Until all Secured Obligations have been paid in full, Trustor shall not have any right of subrogation in or under any of the Loan Documents or to participate in any way therein, or in any right, title or interest in and to any security or right of recourse for the indebtedness incurred under the Loan Documents, or any right to reimbursement, exoneration, contribution (contractual, statutory or otherwise), indemnification or any similar rights, including without limitation, any claim or right of subrogation under the Bankruptcy Code, which Trustor may now or hereafter have against any other Obligated Party with respect to the indebtedness incurred under the Loan Documents. Trustor shall not have any right to enforce any remedy which Beneficiary now has or may hereafter have against any other Obligated Party, or shall have any benefit of, or any right to participate in, any security now or hereafter held by Beneficiary.

(h)     Trustor waives all rights and defenses that Trustor may have because the Obligated Parties' Loans are secured by real property.  This means, among other things:

(i)     Beneficiary may collect from each Obligated Party (including enforcing the Loan Documents against such Obligated Party's interest in the property secured thereby) without first foreclosing on any real or personal property collateral pledged by Trustor or any other Obligated Party.

(ii)     If Beneficiary forecloses on any real property collateral pledged by Trustor or any other Obligated Party:

(a)     The amount of the Secured Obligations may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price.  At any such sale of the collateral, Beneficiary may at its discretion purchase all or any part of the collateral so sold or offered for sale for its own account and may deduct the price bid from the Secured Obligations.  The price at such foreclosure sale shall only be the net proceeds therefrom, after deduction of all charges and expenses of every kind and nature whatsoever.

(b)     Beneficiary may collect from each Obligated Party (including enforcing the Loan Documents against such Obligated Party's interest)

C-7

RP-2021-385958

even if Beneficiary, by foreclosing on the real property collateral pledged by Trustor or the other Obligated Parties, has destroyed any right Trustor or such Obligated Party may have to collect from the other Obligated Parties.

(c)     Beneficiary shall not be required to institute or prosecute proceedings to recover any deficiency as a condition of payment hereunder or enforcement hereof.

This subsection is an unconditional and irrevocable waiver of any rights and defenses each Obligated Party may have because Obligated Parties' Loan is secured by real property.

(i)     Trustor hereby expressly waives, any and all rights to which they may be entitled under any suretyship laws in effect from time to time, including any right or privilege, whether existing under statute, at law or in equity, to require Beneficiary to take prior recourse or proceedings against any collateral, security, any other Obligated Party or any other person. Trustor unconditionally and irrevocably waives any rights, defenses or remedies it may have under (1) Chapter 43 and Section 17.001 of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 31, including without limitation, notice, discharge, levy and subrogation, and (2) Sections 51.003 through 51.005 of the Texas Property Code, relating to deficiency judgments.)

(j)     In the event any payment by another Obligated Party or any other person to Beneficiary or any Beneficiary is held to constitute a preference, fraudulent transfer or other voidable payment under any bankruptcy, insolvency or similar law or theory, including any equitable remedy, or if for any other reason Beneficiary or any Beneficiary is required to refund such payment or pay the amount thereof to any other party, such payment by another Obligated Party or any other party to Beneficiary or any Beneficiary shall not constitute a release of Trustor or the Property from the Deed of Trust, and the Deed of Trust shall continue to be effective or shall be reinstated (notwithstanding any prior release, surrender or discharge by Beneficiary of the Secured Obligations or Trustor), as the case may be, with respect to and the Deed of Trust shall continue to send, any and all amounts so refunded by Beneficiary or any Beneficiary or paid by Beneficiary or any Beneficiary to another person (which amounts shall constitute part of the Secured Obligations), and any interest paid by Beneficiary and any attorneys' fees, costs and expenses paid or incurred by Beneficiary in connection with any such event. It is the intent of Trustor and Beneficiary that the obligations and liabilities of Trustor hereunder are absolute and unconditional under any and all circumstances and that until the Secured Obligations are fully and finally paid and performed, and not subject to refund or disgorgement, the obligations and liabilities of Trustor hereunder shall not be discharged or released, in whole or in part, by any act or occurrence that might, but for the provisions of this Section, be deemed a legal or equitable discharge or release of Trustor.

(k)     If acceleration of the time for payment of any amount payable by another Obligated Party under a Note, or any other Loan Document is stayed or delayed by any law or tribunal, all such amounts shall nonetheless continue to be secured by this Deed of Trust.

(l)     If, for any reason whatsoever, another Obligated Party is now or hereafter becomes indebted to Trustor:

C-8

(i)     such indebtedness and all interest thereon and all liens, security interests and rights now or hereafter existing with respect to property of the other Obligated Party securing same shall, at all times, be subordinate in all respects to the Secured Obligations and to all liens, security interests and rights now or hereafter existing to secure the Secured Obligations;

(ii)     Trustor shall not be entitled to enforce or receive payment, directly or indirectly, of any such indebtedness of another Obligated Party to Trustor until the Secured Obligations have been fully and finally paid and performed;

(iii)     Trustor hereby assigns and grants to Beneficiary a security interest in all such indebtedness and security therefor, if any, of another Obligated Party to Trustor now existing or hereafter arising, including any dividends and payments pursuant to debtor relief or insolvency proceedings referred to below.    In the event of receivership, bankruptcy, reorganization, arrangement or other debtor relief or insolvency proceedings involving another Obligated Party as debtor, Beneficiary shall have the right to prove its claim in any such proceeding so as to establish its rights hereunder and shall have the right to receive directly from the receiver, trustee or other custodian (whether or not a Default shall have occurred or be continuing under any of the Loan Documents)), dividends and payments that are payable upon any obligation of another Obligated Party to Trustor now existing or hereafter arising, and to have all benefits of any security therefor, until the Secured Obligations have been fully and finally paid and performed.    If, notwithstanding the foregoing provisions, Trustor should receive any payment, claim or distribution that is prohibited as provided above in this subsection, Trustor shall pay the same to Beneficiary immediately, Trustor hereby agreeing that it shall receive the payment, claim or distribution in trust for Beneficiary and shall have absolutely no dominion over the same except to pay it immediately to Beneficiary; and

(iv)     Trustor shall promptly upon request of Beneficiary from time to time execute such documents and perform such acts as Beneficiary may require to evidence and perfect its interest and to permit or facilitate exercise of its rights under this subsection, including, but not limited to, execution and delivery of proofs of claim, further assignments and security agreements, and delivery to Beneficiary of any promissory notes or other instruments evidencing indebtedness of another Obligated Party to Trustor.

(m)     If Trustor is or becomes liable, by endorsement or otherwise, for any indebtedness owing by another Obligated Party to Beneficiary, such liability shall not be in any manner impaired or affected hereby, and the rights of Beneficiary hereunder shall be cumulative of any and all other rights that Beneficiary may have against Trustor.  If another Obligated Party is or becomes indebted to Beneficiary for any indebtedness other than or in excess of the Secured Obligations, any payment received or recovery realized upon any indebtedness of another Obligated Party to Beneficiary may, except to the extent paid by Trustor on the Secured Obligations or specifically required by law or agreement of Beneficiary to be applied to the Secured Obligations, in Beneficiary's sole discretion, be applied upon indebtedness of another Obligated Party to Beneficiary other than the Secured Obligations.

Section 1.04  Express Negligence Rule.  IT IS THE EXPRESS INTENTION OF TRUSTOR AND TRUSTOR HEREBY AGREES THAT EACH AND EVERY INDEMNITY SET FORTH IN THIS DEED OF TRUST OR IN ANY OF THE OTHER LOAN DOCUMENTS

RP-2021-385958

(INCLUDING, WITHOUT LIMITATION, THE INDEMNITIES SET FORTH IN ARTICLE 3 OF THIS DEED OF TRUST) WILL APPLY TO AND FULLY PROTECT EACH INDEMNIFIED PARTY EVEN THOUGH ANY CLAIMS, DEMANDS, LIABILITIES, LOSSES, DAMAGES, CAUSES OF ACTION, JUDGMENTS, PENALTIES, COSTS AND EXPENSES (INCLUDING WITHOUT LIMITATION REASONABLE ATTORNEYS' FEES) THEN THE SUBJECT OF INDEMNIFICATION MAY HAVE BEEN CAUSED BY, ARISE OUT OF, OR ARE OTHERWISE ATTRIBUTABLE TO, DIRECTLY OR INDIRECTLY, THE NEGLIGENCE (EXCLUDING GROSS NEGLIGENCE OR WILLFUL MISCONDUCT) IN WHOLE OR IN PART OF SUCH INDEMNIFIED PARTY AND/OR ANY OTHER PARTY.

Section 1.05   <u>NOTICE OF FINAL AGREEMENT</u>. THIS DEED OF TRUST, THE WRITTEN LOAN AGREEMENT, AND THE OTHER LOAN DOCUMENTS REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

Section 1.06   [WAIVER OF CONSUMER RIGHTS. TRUSTOR REPRESENTS AND ACKNOWLEDGES THAT TRUSTOR IS A "BUSINESS CONSUMER" FOR PURPOSES OF THE TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT, SECTION 17.41 ET SEQ., TEXAS BUSINESS AND COMMERCE CODE, AS FROM TIME TO TIME AMENDED (THE "<u>ACT</u>"), THAT TRUSTOR HAS ASSETS OF $25 MILLION OR MORE OR IS OWNED OR CONTROLLED BY A CORPORATION OR OTHER ENTITY WITH ASSETS OF $25 MILLION OR MORE, AND THAT TRUSTOR HAS BEEN REPRESENTED BY TEXAS COUNSEL OF ITS SELECTION (WHO HAS NOT BEEN DIRECTLY OR INDIRECTLY IDENTIFIED, SUGGESTED OR SELECTED BY BENEFICIARY, ANY BENEFICIARY OR ANY OF THEIR AGENTS) IN CONNECTION WITH THE LOAN AGREEMENT AND NOTE AND THE TRANSACTIONS CONTEMPLATED BY THE LOAN AGREEMENT AND NOTE AND THE RELATED LOAN DOCUMENTS, AND THAT TRUSTOR HEREBY WAIVES THE APPLICABILITY OF THE PROVISIONS OF THE ACT WITH RESPECT TO THE LOAN AGREEMENT AND NOTE AND SUCH TRANSACTIONS IF AND TO THE EXTENT THAT THE ACT WOULD APPLY TO ANY OF SAME.

**TRUSTOR WAIVES ITS RIGHTS UNDER THE ACT, A LAW THAT GIVES CONSUMERS SPECIAL RIGHTS AND PROTECTIONS. AFTER CONSULTATION WITH AN ATTORNEY OF ITS OWN SELECTION, TRUSTOR HEREBY VOLUNTARILY CONSENTS TO THIS WAIVER.]**

<u>Homestead</u>. Trustor represents and covenants that the Property forms no part of any property owned, used or claimed by Trustor as a business or residential homestead, or as exempt from forced sale under the laws of the State of Texas, and disclaims and renounces all and every such claim thereto.

RP-2021-385958

RP-2021-385958
# Pages 25
07/09/2021 08:53 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
TENESHIA HUDSPETH
COUNTY CLERK
Fees  $110.00

RP-2021-385958

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS

RP-2021-385957

NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

### WARRANTY DEED WITH VENDOR'S LIEN

| | | |
|---|---|---|
| STATE OF TEXAS | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF HARRIS | § | |

THAT, ELEANOR MARGARET CARRANO SWEENEY, AS INDEPENDENT EXECUTRIX OF THE ESTATE OF CLAUDIA JENNE SPANG DECEASED, hereinafter called Grantor, for and in consideration of the sum of Ten and No/100 ($10.00) Dollars cash and other good and valuable consideration in hand paid by

**VINDUSTRIALIST, LLC,**
a Texas limited liability company
2007 Brentwood Dr.
Houston, Texas 77019

hereinafter called Grantee, receipt and sufficiency of which are hereby acknowledged and confessed, and the further consideration of $576,000.00 in hand paid by FINANCE OF AMERICA COMMERCIAL LLC, hereinafter referred to as Beneficiary, at the special instance and request of the Grantee herein, the receipt of which is hereby acknowledged and confessed, and as evidence of such advancement and other good and valuable considerations, Grantee has executed a note, of even date herewith, in the principal sum of $576,000.00, being payable as specified therein; said note containing the usual acceleration of maturity and attorney's fees clauses in the event of default; and in consideration of the payment of the above sum by said Beneficiary, Grantor does hereby transfer, set over, assign and convey unto said Beneficiary, its successors and assigns, the vendor's lien and superior title hereinafter retained and reserved against the property and premises herein conveyed, in the same manner and to the same extent as if said note had been executed in Grantor's favor and by said Grantor assigned to the Beneficiary without recourse,

HAS GRANTED, SOLD and CONVEYED, and by these presents does GRANT, SELL and CONVEY unto Grantee all that certain lot, tract or parcel of land, together with all improvements thereon, lying and being situated in the County of Harris, State of Texas, described as follows, to-wit:

Lot Thirty-five (35), in Block Five (5), of MARIAN OAKS, an addition in Harris County, Texas according to the map or plat thereof recorded in Volume 46, Page 37 of the Map Records of Harris County, Texas.

This conveyance is made and accepted subject to any and all valid covenants, conditions, restrictions, easements and outstanding mineral and/or royalty interests in the oil, gas, and other minerals and leases thereon, now outstanding or affecting the premises herein conveyed, now of record in the County Clerk's office of Harris County, Texas, but only to the extent they are still in force and effect.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee and Grantee's successors and assigns, forever.  And Grantor does hereby bind Grantor and Grantor's heirs, successors and assigns, to warrant and forever defend all and singular the said premises unto the said Grantee and Grantee's successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

But it is agreed and stipulated that a vendor's lien and the superior title is hereby expressly reserved and retained against all of the property conveyed herein in favor of Grantor and herein assigned to Beneficiary to secure the payment of the above described note until the indebtedness evidenced by said note, and all interest thereon and attorney's fees provided therein have been fully paid according to the face and tenor, effect and reading of said note, when this deed shall become absolute; said note being further and additionally secured by Commercial Deed of Trust, Assignment of Leases and Rents, Security Agreement, Financing Statement and Fixture Filing, of even date therewith from Grantee to McCarthy & Holthus, LLP, Trustee, containing provisions for foreclosure under power of sale, to which reference is here made for all purposes.

Executed this __2nd__ day of July, 2021.

*Eleanor Margaret Carrano Sweeney*
ELEANOR MARGARET CARRANO SWEENEY, AS INDEPENDENT EXECUTRIX OF THE ESTATE OF CLAUDIA JENNE SPANG DECEASED
*Independent Executrix*

AS 7/2/2021

STATE OF ~~TEXAS~~ Pennsylvania    §

Warranty Deed With Vendor's Lien
Page 1

GF# 2129879 Unit# 81
Stewart Title of Montgomery County, Inc.

EXHIBIT 2

COUNTY OF _Lebanon_ §

This instrument was acknowledged before me on the _2nd_ day of July, 2021, by ELEANOR MARGARET CARRANO SWEENEY, AS INDEPENDENT EXECUTRIX OF THE ESTATE OF CLAUDIA JENNE SPANG DECEASED.

```
Commonwealth of Pennsylvania - Notary Seal
ANIQUE SMITH - Notary Public
Berks County
My Commission Expires September 28, 2024
Commission Number 1380971
```

Notary Public, State of ~~Texas~~ Pennsylvania
AS 7/2/2021

After recording return to:

_3001 Brentwood Dr._
_Houston, TX 77019_

G:\JEANIE\STEWART\2021\2129879.Spang.Estate-Vindustrialist, LLC(1-1).DVL.doc

RP-2021-385957

Warranty Deed With Vendor's Lien
Page 2

RP-2021-385957

\# Pages 3

07/09/2021 08:53 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees   $22.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.


Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS

RP-2023-220744
06/15/2023  ER  $38.00

RP-2023-220744

**PREPARED BY**
**Finance of America Mortgage**
**6230 Fairview Road, Suite 300**
**Charlotte, NC 28210**

**AFTER RECORDING RETURN TO:**
**Finance of America Mortgage**
**Attn: Post Closing**

ASSIGNMENT OF SECURITY INSTRUMENT

by

**FINANCE OF AMERICA MORTGAGE LLC**
**a Delaware limited liability company,**
**Successor to**
**FINANCE OF AMERICA COMMERCIAL LLC,**
a Delaware limited liability company

to

Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee
on behalf of ANTLR Mortgage Trust 2021-RTL1

Dated:  As of June 6th, 2023

State:  **Texas**

County:  **Harris**

EXHIBIT 3

## ASSIGNMENT OF SECURITY INSTRUMENT

THIS ASSIGNMENT OF SECURITY INSTRUMENT (this "***Assignment***"), made and entered into as of  June 6th, 2023, an effective date of August 17th, 2021 is made by **Finance of America Mortgage LLC a Delaware Limited Liability company, successor to Finance of America Commercial, a Delaware limited liability company**, having an address at **6230 Fairview Rd, Suite 300, Charlotte, NC 28210** ("***Assignor***"), in favor of Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee on behalf of ANTLR Mortgage Trust 2021-RTL1, having an address at 500 Delaware Avenue, 11th Floor, Wilmington, Delaware 19801 ("***Assignee***").

## W I T N E S S E T H

WHEREAS, Assignor is the present legal and equitable owner and holder of that certain Promissory Note, dated as of 07/02/2021, executed by VINDUSTRIALIST, LLC, a/an Texas limited liability company ("***Borrower***"), and made payable to the order of Assignor in the stated principal amount of Five Hundred Seventy-Six Thousand Dollars and Zero Cents ($576,000.00) (the "***Note***") in connection with certain real property and improvements located thereon situated in the County of Harris, State of Texas, and more particularly described on ***Exhibit A*** annexed hereto and made a part hereof (the "***Premises***"); and

WHEREAS, the Note is secured, *inter alia*, by the Security Instrument (as hereinafter defined); and

WHEREAS, the parties hereto desire that Assignor assign to Assignee, its successors and assigns, all of Assignor's right, title and interest in and to the Security Instrument.

NOW, THEREFORE, in consideration of the premises above set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and agreed, Assignor and Assignee hereby covenant and agree as follows:

1.    Assignment.  Assignor does hereby transfer, assign, grant and convey to Assignee, its successors and assigns, all of the right, title and interest of Assignor in and to the following described instrument, and does hereby grant and delegate to Assignee, its successors and assigns, any and all of the duties and obligations of Assignor thereunder from and after the date hereof:

That certain Mortgage, Assignment of Leases and Rents and Security Agreement dated as of 07/02/2021, executed by Borrower for the benefit of Assignor, as lender, and recorded on July 9th, 2021 in the Real Property Records of Harris County, Texas, as Document No. RP-2021-385958 (the "***Security Instrument***"), in respect of the Premises.

2.    Assumption.  From and after the date hereof, Assignee hereby accepts this Assignment and assumes and agrees to observe, perform and be bound by all of the terms, covenants, agreements, conditions and obligations of the Security Instrument required to be observed or performed by Assignor thereunder.

ASSIGNMENT OF SECURITY INSTRUMENT (Finance of America Mortgage.)

826 BUNKER HILL RD, HOUSTON, TX 77024

Loan # 210040472-004

RP-2023-220744

UNOFFICIAL COPY

3.    Representations and Warranties of Assignor.  This Assignment is an absolute assignment.  This Assignment is without recourse, representation or warranty, express or implied, upon Assignor, except Assignor hereby warrants and represents to Assignee that:

(a)    Prior to the execution hereof, Assignor has not sold, transferred, assigned, conveyed, pledged or endorsed any right, title or interest in the Security Instrument to any person or entity other than Assignee; and

(b)    Assignor has full right and power to sell and assign the same to Assignee subject to no interest or participation of, or agreement with, any party other than Assignee.

4.    Governing Law.  This Assignment shall be governed by and construed in accordance with the laws of the State in which the Premises are located.

5.    Successors and Assigns.  This Assignment shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

6.    Headings.  The headings of the paragraphs of this Assignment have been included only for convenience, and shall not be deemed in any manner to modify or limit any of the provisions of this Assignment or be used in any manner in the interpretation of this Assignment.

7.    Interpretation.  Whenever the context so requires in this Assignment, all words used in the singular shall be construed to have been used in the plural (and vice versa), each gender shall be construed to include any other genders, and the word "person" shall be construed to include a natural person, a corporation, a firm, a partnership, a joint venture, a trust, an estate or any other entity.

8.    Partial Invalidity.  Each provision of this Assignment shall be valid and enforceable to the fullest extent permitted by law.  If any provision of this Assignment or the application of such provision to any person or circumstance shall, to any extent, be invalid or unenforceable, then the remainder of this Assignment, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected by such invalidity or unenforceability.

**[SIGNATURE PAGE FOLLOWS]**

ASSIGNMENT OF SECURITY INSTRUMENT (Finance of America Mortgage.)

826 BUNKER HILL RD, HOUSTON, TX 77024

Loan # 210040472-004

IN WITNESS WHEREOF, Assignor has executed this Assignment of Security Instrument as of the day and year first above written.

ASSIGNOR:

FINANCE OF AMERICA MORTGAGE LLC
a Delaware limited liability company, successor to
FINANCE OF AMERICA COMMERCIAL LLC, a
Delaware limited liability company

By: _____
    Name:  Christina Pyche
    Title:    Authorized Signatory


Address:
1 West Elm Street, First Floor
Conshohocken, PA 19428
Attention:  Legal Department
Facsimile No: (980) 999-2205

RP-2023-220744

UNOFFICIAL COPY

ASSIGNMENT OF SECURITY INSTRUMENT (Finance of America Mortgage.)

826 BUNKER HILL RD, HOUSTON, TX 77024

Loan # 210040472-004

ACKNOWLEDGMENT

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

The foregoing instrument was acknowledged before me this 6th day of June, 2023 by Christina Pyche, Authorized Signatory of Finance of America Mortgage LLC, a Delaware limited liability company, successor to Finance of America Commercial LLC, a Delaware limited liability company on behalf of said limited liability company.

Notary Public

Print Name: Dawn G. Terry

My commission expires:

05·15·27

RP-2023-220744

ASSIGNMENT OF SECURITY INSTRUMENT (Finance of America Mortgage.)

826 BUNKER HILL RD, HOUSTON, TX 77024

Loan # 210040472-004

## EXHIBIT A

(Premises Description)

Legal Description: Lot  Thirty-five  (35), in Block Five (5). of MARIAN OAKS, an addition in Harris County, Texas according to the map or plat thereof recorded in Volume  46,  Page 37 of the Map Records of Harris County, Texas.

Parcel ID# : 0831630000035

Property Street Address: 826 BUNKER HILL RD, HOUSTON, TX 77024

UNOFFICIAL COPY

RP-2023-220744

EXHIBIT A, Premises Description


826 BUNKER HILL RD, HOUSTON, TX 77024

Loan # 210040472-004

RP-2023-220744

RP-2023-220744

\# Pages 7

06/15/2023 08:17 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees   $38.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS



LILLIAN A. RILEY    ATTORNEY
LRILEY@SETTLEPOU.COM

3333 LEE PARKWAY
EIGHTH FLOOR
DALLAS, TX 75219

214.520.3300 main
800.538.4061 toll free
214.526.4145 fax

July 3, 2023

Via CM/RRR No. 9414 7266 9904 2213 2963 74
Vindustrialist, LLC
c/o Vinh Truong
2007 Brentwood Drive
Houston, Texas 77019

Via CM/RRR No. 9414 7266 9904 2213 2963 98
Vindustrialist, LLC
c/o Vinh Truong
826 Bunker Hill Road
Houston, Texas 77024

Via CM/RRR No. 9414 7266 9904 2213 2963 81
Vindustrialist, LLC
c/o Vinh Truong
8521 Westview Drive
Houston, Texas 77055

Via CM/RRR No. 9414 7266 9904 2213 2964 04
Vindustrialist, LLC
c/o Vinh Truong
1332 Bingle Road
Houston, Texas 77055

Re:    *Promissory Note dated JULY 2, 2021, in the original principal amount of
$576,000.00 ("Note") payable to WILMINGTON SAVINGS FUND SOCIETY,
FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE
ON BEHALF OF ANTLR MORTGAGE LOAN TRUST 2021-RTL1 successor-in-
interest to Finance of America Mortgage, LLC successor-by-merger to Finance of
America Commercial, LLC, executed by VINDUSTRIALIST, LLC c/o VINH
TRUONG, secured by that certain Commercial Deed of Trust, Assignment of
Leases and Rents, Security Agreement, Financing Statement and Fixture Filing
executed by VINDUSTRIALIST, LLC c/o VINH TRUONG covering that certain
property located in Harris County, Texas as more specifically described therein
("Deed of Trust"); (collectively, along with all other documents executed in
connection therewith, referred to herein as the "Indebtedness")*

Our File No. 23-1100

**NOTICE OF MATURITY AND FORECLOSURE**

Dear Addressees:

    We represent WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE ON BEHALF OF ANTLR
MORTGAGE LOAN TRUST 2021-RTL1 (the "Lender") with respect to the above-referenced
Indebtedness.  All future communications concerning this matter should be directed to the
undersigned.  If you are represented by an attorney, please forward this letter so that we may
communicate through your attorney.

EXHIBIT 4

VINDUSTRIALIST, LLC
July 3, 2023
Page 2



As you know, the Note matured. All amounts owed under the Note are now due in full. This letter is also formal notice to you that Lender will proceed with foreclosure of the property covered by the Deed of Trust securing the Note.

Enclosed is a copy of the Notice of Substitute Trustee's Sale and Appointment of Substitute Trustees posted for the public sale of the property located in HARRIS County described in the Deed of Trust. The public sale, as authorized by the Deed of Trust, will take place on Tuesday, AUGUST 1, 2023, at public auction to the highest bidder for cash in HARRIS County, Texas, at THE BAYOU CITY EVENT CENTER PAVILION, 9401 KNIGHT ROAD, HOUSTON, TX 77045 OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE at a time not earlier than 10:00 A.M. and within three hours after that time.

If the entire balance under the Note, as well as attorney's fees and other expenses incurred by the Lender in connection with the collection of the Note, is not paid before the foreclosure sale, then the Deed of Trust will be foreclosed. Please contact the undersigned regarding the exact amount of your payoff as of the date of your payment. Payment must be made by cashier's check, certified funds, or money orders. Partial payments, if accepted, may be applied to the Indebtedness, but will not act to reinstate the Note.

<u>ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.</u>

If you are presently in bankruptcy or if the debt described herein has been discharged in bankruptcy, this letter is not an attempt to collect the debt, but is sent to fulfill certain legal requirements of the loan documents and the Texas Property Code.

Sincerely,

/s/ Lillian A. Riley

Lillian A. Riley

LAR/mc
Enclosures

cc:    Addressees (Via First Class Mail)
bcc:   Client

<u>**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**</u>

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE AND <u>APPOINTMENT OF SUBSTITUTE TRUSTEES</u>

<u>**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**</u>

### NOTICE OF SUBSTITUTE TRUSTEE'S SALE

**DATE:** JULY 3, 2023

**NOTE:** Note described as follows:

| | |
|---|---|
| Date: | JULY 2, 2021 |
| Maker: | VINDUSTRIALIST, LLC |
| Payee: | WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE ON BEHALF OF ANTLR MORTGAGE LOAN TRUST 2021-RTL1 as successor to original lender |
| Original Principal Amount: | $576,000.00 |

**DEED OF TRUST:** Commercial Deed of Trust, Assignment of Leases and Rents, Security Agreement, Financing Statement and Fixture Filing described as follows:

| | |
|---|---|
| Date: | JULY 2, 2021 |
| Grantor: | VINDUSTRIALIST, LLC |
| Trustee: | MCCARTHY & HOLTHUS, LLP |
| Beneficiary: | WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE ON BEHALF OF ANTLR MORTGAGE LOAN TRUST 2021-RTL1 as successor to original lender |
| Recorded: | DOCUMENT NO. 2021-385958, Real Property Records, HARRIS County, Texas. |

**LENDER:** WILMINGTON SAVINGS FUND SOCIETY, FSB NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE ON

BEHALF OF ANTLR MORTGAGE LOAN TRUST 2021-RTL1 as successor to original lender

**BORROWER:** VINDUSTRIALIST, LLC

**PROPERTY:** The property described as follows:

THE PROPERTY LOCATED IN HARRIS COUNTY, TEXAS, INCLUDING PERSONAL PROPERTY, IF ANY, AS DESCRIBED IN THE DEED OF TRUST AND IN <u>EXHIBIT A</u>, ATTACHED HERETO AND INCORPORATED HEREIN FOR ALL PURPOSES, together with all buildings, structures, fixtures and improvements thereon and any and all appurtenances and rights thereto, *SAVE AND EXCEPT ANY AND ALL LOTS OR PORTIONS THEREOF THAT HAVE BEEN RELEASED OF RECORD BY THE HOLDER OF THE DEED OF TRUST.*

**SUBSTITUTE TRUSTEE:** SANDY DASIGENIS, JEFF LEVA, STEVE LEVA, DAVID GARVIN

Substitute Trustee's Mailing Address:

3333 Lee Parkway, 8th Floor
Dallas, Texas 75219

**DATE AND TIME OF SUBSTITUTE TRUSTEE'S SALE OF PROPERTY:**

AUGUST 1, 2023, the first Tuesday of the month, to commence at 10:00 A.M., or within three (3) hours after that time.

**PLACE OF SUBSTITUTE TRUSTEE'S SALE OF PROPERTY:**

In HARRIS County, Texas, at THE BAYOU CITY EVENT CENTER PAVILION, 9401 KNIGHT ROAD, HOUSTON, TX 77045 OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE

### RECITALS

Default has occurred in the payment of the Note and/or in the performance of the obligations under the Deed of Trust that secures the Note. Because of this default, Lender, the owner and holder of the Note and the Deed of Trust lien under Texas Property Code Section 51.002, has requested that Substitute Trustee sell the Property according to the terms of the Deed of Trust and applicable law.

Formal notice is now given of Lender's election to proceed against and sell the real property described in the Deed of Trust, consistent with Lender's rights and remedies under the Deed of Trust and applicable law.

Therefore, notice is given that on the Date and Time of Substitute Trustee's Sale of Property and at the Place of Substitute Trustee's Sale of Property, I, as Substitute Trustee, or any other

substitute trustee Lender may appoint, will sell the Property by public sale to the highest bidder for cash or acceptable certified funds, according to the Deed of Trust and applicable law. The sale and conveyance of the Property will be subject to all matters of record applicable to the Property that are superior to the Deed of Trust and to any permitted exceptions to title described in the Deed of Trust. Substitute Trustee has not made and will not make any covenants, representations, or warranties about the Property other than providing the successful bidder at the sale with a deed to the Property containing any warranties of title required by the Deed of Trust. The Property will be sold AS IS, WHERE IS, AND WITH ALL FAULTS.

<u>ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.</u>

### APPOINTMENT OF SUBSTITUTE TRUSTEE

**DEED OF TRUST:** Commercial Deed of Trust, Assignment of Leases and Rents, Security Agreement, Financing Statement and Fixture Filing described as follows:

| | |
|---|---|
| Date: | JULY 2, 2021 |
| Grantor: | VINDUSTRIALIST, LLC |
| Trustee: | MCCARTHY & HOLTHUS, LLP |
| Beneficiary: | WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE ON BEHALF OF ANTLR MORTGAGE LOAN TRUST 2021-RTL1 as successor to original lender |
| Recorded: | DOCUMENT NO. 2021-385958, Real Property Records, HARRIS County, Texas. |

**PROPERTY:** The property described as follows:

THE PROPERTY LOCATED IN HARRIS COUNTY, TEXAS, INCLUDING PERSONAL PROPERTY, IF ANY, AS DESCRIBED IN THE DEED OF TRUST AND IN <u>EXHIBIT A</u>, ATTACHED HERETO AND INCORPORATED HEREIN FOR ALL PURPOSES, together with all buildings, structures, fixtures and improvements thereon and any and all appurtenances and rights thereto, *SAVE AND EXCEPT ANY AND ALL LOTS OR PORTIONS THEREOF THAT HAVE BEEN RELEASED OF RECORD BY THE HOLDER OF THE DEED OF TRUST.*

**SUBSTITUTE TRUSTEE:** SANDY DASIGENIS, JEFF LEVA, STEVE LEVA, DAVID GARVIN

Substitute Trustee's Mailing Address:
c/o 3333 Lee Parkway, 8th Floor

Dallas, Texas 75219

Each Substitute Trustee is appointed **effective as of JULY 3, 2023**, pursuant to Texas Property Code § 51.0075 to succeed to all title, powers, and duties of the original or successor trustees under the Deed of Trust.

**Appointment of Substitute Trustees:**

By: _L. Riley_____

Name: Lillian A. Riley, Attorney for WILMINGTON SAVINGS FUND SOCIETY, FSB NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE ON BEHALF OF ANTLR MORTGAGE LOAN TRUST 2021-RTL1

THE STATE OF TEXAS     §
                       §
COUNTY OF DALLAS       §

BEFORE ME, the undersigned authority, on this day appeared Lillian A. Riley, and after being by me duly sworn, stated that he executed the foregoing instrument for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on JULY 3, 2023.

_____
Notary Public, State of Texas

MICHELE R. COLE
My Notary ID # 11353215
Expires August 15, 2026

Notice of Sale executed by:

_____

Name: _____

Substitute Trustee

# EXHIBIT A

### Legal Description of the Property

Lot Thirty-five (35), in Block Five (5), of MARIAN OAKS, an addition in Harris County, Texas according to the map or plat thereof recorded in Volume 46, Page 37 of the Map Records of Harris County, Texas.

CAUSE NO. _____

| | |
|---|---|
| VINDUSTRIALIST, LLC, | ) IN THE DISTRICT COURT |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) _____ JUDICIAL DISTRICT |
| WILMINGTON SAVINGS FUND | ) |
| SOCIETY, FSB, NOT IN ITS | ) |
| INDIVIDUAL CAPACITY BUT SOLELY | ) |
| AS OWNER TRUSTEE ON BEHALF OF | ) OF HARRIS COUNTY, TEXAS |
| ANTLR MORTGAGE LOAN TRUST | ) |
| 2021-RTL1, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF VINDUSTRIALIST, LLC

COMES NOW Vinh Truong, in the above styled and numbered cause, and declares as follows:

1.     "I am 18 years of age or older, of sound mind, and capable of making this affidavit.
2.     "I have read this lawsuit and examined all of its exhibits.
3.     "I am an the manager and member of Vindustrialist, LLC ("Vindustrialist"), Plaintiff in this lawsuit.
4.     "The transactions and events which are the subject matter of this lawsuit all occurred within the County of Harris, State of Texas.
5.     "The real property the subject of this lawsuit is located in Harris County, Texas
6.     "BSI Financial Services is the current mortgage servicer of the Loan acting on behalf of Wilmington.
7.     "On or about February 23, 2007, Vindustrialist entered into a mortgage transaction with the original lender Finance of America Commercial, LLC by obtaining a $576,000 mortgage loan secured by 826 Bunker Hill Road, Houston, Texas 77024 (the "Property"). This transaction was memorialized in a deed of trust which was filed in the Harris County Property Records as document no. RP-2021-385958 (the "Deed of Trust"). *See* Exhibit 1 – Deed of Trust, a true and correct copy. The mortgage note and Deed of Trust together referred to herein as the "Loan."
8.     "The Loan had a maturity date of February 1, 2023.
9.     "In addition to taking out the $576,000 loan, Vindustrialist made a $150,000 down payment to purchase the Property.
10.     "Since the closing, Vindustrialist has invested over $25,000 in making improvements to the Property.
11.     "At the Loan closing, Vindustrialist received title to the Property through a warranty deed. *See* Exhibit 2 – Warranty Deed, a true and correct copy.
12.     "On June 6, 2023, the Loan was assigned to Wilmington. Exhibit 3 – 2023 Loan Assignment, a true and correct copy. The assignment identifies the instrument being assigned as Document No. "RP-2021-385958."
13.     "Wilmington has noticed the Property for a non-judicial foreclosure sale to take place on August 1, 2023. Exhibit 4 - Notice of Sale for August 1, 2023, a true and correct copy. The

1 of 2

EXHIBIT 5

notice of sale was also the document Wilmington used to substitute trustees.

14.     "The notice of sale incorrectly identifies the instrument to be foreclosed on as Document No. "2021-385958."

15.     "Based on Vindustrialist's interest in the Property, Vindustrialist would suffer a loss from foreclosure of the Property.

16.     "If Vindustrialist loses ownership of the Property, it would cause Vindustrialist great and irreparable harm. Vindustrialist would not have the beneficial ownership and use of this unique Property. Vindustrialist has no other plain, speedy or adequate remedy at law and the injunctive relief is necessary and appropriate at this time to prevent irreparable loss due to the uniqueness of the Property.

17.     "Vindustrialist has suffered and will continue to suffer in the future unless the August 1, 2023 foreclosure sale is restrained and enjoined because the Property is inherently unique and it will be impossible for Vindustrialist to determine the precise amount of damage it will suffer if it loses ownership and possession.

18.     "Defendant cannot be served in time as the trustee sale date is August 1, 2023.

19.     "On June 21, 2023, I applied to BSI Financial Services for a maturity date extension. BSI responded by saying:

> Thank you so much for your email. Unfortunately, this is not a request that our Loss Mitigation team handles. This would have to be discussed directly with FACO servicing and our customer care team. You are more than welcome to call in to 1-800-327-7861 to reach a representative to assist with your request.

20.     "FACO" is short for Finance of America Commercial.

21.     "The information supplied by BSI was false and erroneous because FACO had already assigned the Loan to Wilmington over 45-days before.

22.     "Vindustrialist relied on this information by contacting a company (FACO) that did not even own the Loan any longer, instead of contacting Wilmington.

23.     "The Property is currently occupied by tenants who have a special needs child."

FURTHER DECLARANT SAYETH NOT.

My name is Vinh Truong. My date of birth is January 13, 1979 and my address is 7941 Katy Frwy., #270, Houston, TX 77024. I declare under penalty of perjury that every statement in the foregoing Declaration is within my personal knowledge and is true and correct:

Executed in Harris County, State of Texas on July 28, 2023.

_____
Vinh Truong

2 of 2

CAUSE NO. _____

| | | |
|---|---|---|
| VINDUSTRIALIST, LLC, | ) | IN THE DISTRICT COURT |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | |
| | ) | |
| WILMINGTON SAVINGS FUND | ) | _____ JUDICIAL DISTRICT |
| SOCIETY, FSB, NOT IN ITS | ) | |
| INDIVIDUAL CAPACITY BUT SOLELY | ) | |
| AS OWNER TRUSTEE ON BEHALF OF | ) | |
| ANTLR MORTGAGE LOAN TRUST | ) | OF HARRIS COUNTY, TEXAS |
| 2021-RTL1, | | |
| | | |
| **Defendant.** | | |

## DECLARATION OF JEFFREY C. JACKSON

I, Jeffrey C. Jackson, do declare:

1. "I am 18 years of age or older, of sound mind, and capable of making this declaration.
2. "I am the attorney for plaintiff Vindustrialist, LLC in the above styled and numbered cause.
3. "I am an attorney who has been practicing real estate law since 2012. I have extensive knowledge and experience in doing title searches and real property records research in Harris County, Texas. On July 28, 2023, I searched the Harris County Real Property Records at this link (https://www.cclerk.hctx.net/Applications/WebSearch/RP.aspx). Each and every real property document attached to Plaintiff's Original Petition and Application was downloaded from this website and is a true and correct copy of the document on file with the Fort Bend County Clerk's office.
4. "Also, attached to this declaration is a true and correct copy of a forwarded email sent to me from my client showing an email conversation between my client and loan servicer BSI Financial Services.
5. "As shown in the attached email, BSI Financial Services directed my client to contact Finance of America Commercial about my client's loan maturity extension application. However, FACO was an entity that had not owned the subject loan for over 45 days and that was shutting down its operations."

FURTHER DECLARANT SAYETH NOT.

My name is Jeffrey C. Jackson, my date of birth is July 1, 1982 and my address is 2500 E. TC Jester Blvd., Ste. 285, Houston, TX 77008. I declare under penalty of perjury that every statement in the foregoing Declaration is within my personal knowledge and is true and correct.

Executed in Harris County, State of Texas, on the 28<u>th</u> day of <u>July</u>, <u>2023</u>.

EXHIBIT 6

Jeffrey C. Jackson

 Gmail

# Fwd: [EXTERNAL] Loan Maturity Extension Application Loan # 40472004

1 message

---

**Vinsta X Truong** <tru1oak@gmail.com>                                      Mon, Jul 24, 2023 at 9:17 AM
To: "Jeffrey C. Jackson" <jeff@jjacksonllp.com>

Hello,


Thank you so much for your email. Unfortunately, this is not a request that our Loss Mitigation team handles.  This would have to be discussed directly with FACO servicing and our customer care team. You are more than welcome to call in to 1-800-327-7861 to reach a representative to assist with your request.


Thank you ,

*Loss Mitigation Processor*



4200 Regent Blvd
Suite B200
Irving, TX 75063
Main line 972.347.4350
NMLS # 38078
Branch NMLS # 842052

---

**From:** Vinsta X Truong <tru1oak@gmail.com>
**Sent:** Friday, July 21, 2023 6:38 PM
**To:** workouts@bsifinancial.com; Jeffrey C. Jackson <jeff@jjacksonllp.com>; David Lee Joseph <davidlee.UFG@gmail.com>
**Subject:** [EXTERNAL] Loan Maturity Extension Application Loan # 40472004


Dear Loss Mitigation Manager,

I am writing to request a 6-month loan extension for my existing loan with BSI. The loan matured two months ago, but unfortunately, my existing credit line was unable to refinance it due to the closure of the commercial division with FACO.

Additionally, my previous representative at FACO, who was supposed to transfer this loan into a construction loan for building my house, has left the company. As a result, I am currently facing challenges in refinancing or paying off the loan.

I am diligently searching for another suitable commercial line to facilitate the refinancing or payoff of this loan. However, I require some additional time to secure the appropriate financing option that aligns with my needs.

I assure you that I am committed to fulfilling my financial obligations, and I have a solid plan in place to resolve this matter as soon as possible. The extension would provide me with the necessary breathing room to find a viable solution and proceed with the construction of my house.

I kindly request your understanding and support in granting this 6-month loan extension. I am confident that with your assistance, I will be able to navigate through this challenging situation successfully.

Please let me know the necessary steps or documentation required to formalize this request. If there is any additional information you need from me, I am more than willing to provide it promptly.

Thank you for your attention to this matter, and I look forward to a positive response. Your cooperation is highly appreciated.

Sincerely



*Vinh Truong*

**Chief Strategist Officer | My Foreclosure Hero**

My New Book

Mobile: 713 551 1150

Web: www.myforeclosurehero.com

Email: info@MyForeclosureHero.com

Address: 10497 Town and Country Blvd Houston TX 77024

**Helping homeowners stay homeowners and create positive value.**

## Loan 40472004 Maturity Extension Application / 6-Month Loan Extension Request for Refinancing or Payoff with BSI

### DOWNLOAD FORM

Please download a Loan Maturity Extension Application and follow the instructions within form.

Send the completed application and supporting documents to us, for faster processing, you can email the completed application and supporting documents to workouts@bsifinancial.com.