United States District Court
Southern District of Texas
**ENTERED**
January 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VINDUSTRIALIST, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE ON BEHALF OF ANTLR MORTGAGE LOAN TRUST 2021-RTL1, | § § § § § § § § § | No. 4:23-cv-02827 |
| *Defendant.* | § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**[1]

This is a suit challenging a mortgage foreclosure. After receiving notice that its commercial property would be sold at a foreclosure sale, Plaintiff Vindustrialist, LLC ("Plaintiff") sued[2] Defendant Wilmington Savings Fund Society FSB, not in its individual capacity, but as Owner Trustee on Behalf of ANTLR Mortgage Loan

---

[1] The District Judge to whom this case is assigned referred Defendant's motion for summary judgment for a report and recommendation in accordance with 28 USC § 636(b). Order, ECF No. 9.

[2] Plaintiff originally filed this case in the 333rd District Court of Harris County, Texas. Notice of Removal, ECF No. 1. Defendant removed this matter to federal court based on diversity jurisdiction. ECF No. 1. Plaintiff has not contested removal, and the Court independently finds it has subject matter jurisdiction based on the complete diversity of the parties and amount in controversy.

1

Trust 2021-RTL1 ("Defendant"). The complaint asserted causes of action for breach of contract, "unreasonable debt collection efforts," declaratory relief, and injunctive relief. Pl.'s Compl., ECF No. 1-3. Pending before the Court is Defendant's motion for summary judgment on all of Plaintiff's claims. Def.'s MSJ, ECF No. 8.[3] Plaintiff filed a response, ECF No. 13,[4] and Defendant filed a reply, ECF No. 14.

Based on a careful review of the briefing and applicable case law, the Court recommends that the motion for summary judgment be granted. Specifically, Plaintiff may not recover based on a theory of "attempted wrongful foreclosure" and has failed to demonstrate that there is a genuine issue of material fact as to its breach of contract claim.

---

[3] Defendant provided the following evidence in support of its motion for summary judgment:
- Affidavit in Support of Defendant's Motion for Summary Judgment; ECF No. 8-1;
- Promissory Note, ECF No. 8-2;
- Certified Copy of Commercial Deed of Trust, Assignment of Leases and Rents, Security Agreement, Financing Statement and Fixture Filing, ECF No. 8-3;
- Certified Copy of Assignment of Security Instrument to Wilmington, ECF No. 8-4;
- Notice of Maturity and Default dated April 17, 2023, ECF No. 8-5;
- Notice of Maturity and Foreclosure dated July 3, 2023, ECF No. 8-6;
- Certified Copy of Notice of Substitute Trustee's Sale recorded in the Real Property Records of Harris County Texas on July 10, 2023, ECF No. 8-7;
- Power of Attorney from Defendant to Servis One, Inc. d/b/a BSI Financial Services dated October 6, 2022, ECF No. 8-8.

Plaintiff did not object to any of Defendant's evidence.

[4] Plaintiff provided the following evidence in support of its response:
- Warranty Deed, ECF No. 13-1;
- Declaration of Plaintiff's counsel, Charles "Danny" Brooks, ECF No. 13-2.

Defendant did not object to any of Plaintiff's evidence.

I.      **FACTUAL BACKGROUND**

On July 2, 2021,[5] Plaintiff financed the purchase of property located at 826 Bunker Hill Road, Houston, Texas 77024, signing a promissory note in the amount of $576,000, payable to Finance of America Commercial, LLC, as well as a deed of trust to secure the loan. ECF Nos. 1-3 ¶¶ 1, 6; 8-2; 8-3; 13-1. The deed of trust was recorded in the official public records of Harris County, Texas as Document Number RP-2021-385958. ECF No. 8-3. On or about June 6, 2023, Finance of America Mortgage LLC—successor to Finance of America Commercial LLC—executed an Assignment of Security Instrument, recorded in the official public records of Harris County, Texas as Document Number RP-2023-220744 memorializing the assignment of the Loan to Defendant. Assignment of Security Interest, ECF No. 8-4.

Per the loan's terms, the loan matured on February 1, 2023. Plaintiff failed to pay the loan in full and defaulted on the loan. ECF Nos. 1-3 ¶ 8; 8-1 ¶ 10; 8-2. On April 17, 2023, Defendant mailed Plaintiff a "Notice of Maturity and Default" via certified and first-class mail at the property's address, stating that to cure the default, $589,647.36 was due on or before May 2, 2023. Notice of Maturity and Default, ECF No. 8-5. On July 3, 2023, Defendant again mailed a "Notice of

---

[5] Plaintiff's complaint states that this transaction occurred on February 23, 2007, ECF No. 1-3 at 2, but the record evidence shows the correct date is July 2, 2021, ECF No. 1-3 at 14.

Maturity and Foreclosure" to Plaintiff via certified mail at the property's address, stating that the promissory note matured. In addition, Defendant stated it would proceed with foreclosure of the property and included a Notice of Substitute Trustee's Sale. ECF Nos. 1-3; Notice of Maturity and Foreclosure, 8-6. The Notice of Substitute Trustee's Sale listed the deed of trust's recorded document number as "Document Number 2021-385958, Real Property Records, Harris County, Texas," and was subsequently recorded in the Harris County public records. ECF No. 8-7. The foreclosure sale was scheduled for August 1, 2023. ECF No. 1-3 at 52. To stop the sale, Plaintiff filed suit in state court. ECF No. 1-3. On July 31, 2023, the state court issued a temporary restraining order. ECF No. 1-5. According to the current record, no foreclosure sale has taken place and Plaintiff remains in default. ECF No. 1-3 ¶ 1; ECF No. 8 at 6.

In his complaint, Plaintiff raises claims related to the foreclosure process on the property: (1) "declaratory judgment that the Notice of Sale violates Texas law;" (2) "declaratory judgment that the substitution of trustee violates Texas law;" (3) "breach of contract;" and (4) "unreasonable debt collection efforts." ECF No. 1-3. Plaintiff seeks declaratory and injunctive relief, as well as damages and attorney's fees. *Id.*

## II.   THE STANDARD OF REVIEW ON SUMMARY JUDGMENT

Summary judgment is appropriate when the movant has established that the

pleadings, affidavits, and other evidence available to the court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018). A fact is material "if and only if proof of its existence might affect the outcome of the case." *Roy v. City of Monroe*, 950 F.3d 245, 254 (5th Cir. 2020). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine [dispute] of material fact." *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown 'that there is an absence of evidence to support the non-moving party's cause,' the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Texas Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002)). "Summary judgment cannot be defeated through '[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic

5

argumentation.'" *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)).

When ruling on a motion for summary judgment, the Court views all facts and inferences in the light most favorable to the nonmoving party and resolves all disputed facts in favor of the nonmoving party. *Rodriguez v. City of Laredo*, 459 F. Supp. 3d 809, 814 (S.D. Tex. 2020). The Court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Id*. (quoting *Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S. 133, 150 (2000)).

## III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED.

Defendant argues that summary judgment should be granted on all of Plaintiff's claims. Finding that there are no genuine issues of material fact, the Court recommends granting Defendant's motion for summary judgment. Specifically, the Court finds that Plaintiff's claims for declaratory judgment based on a theory of "attempted wrongful foreclosure" are non-cognizable. Further, Plaintiff has failed to demonstrate a genuine issue of material fact as to the damages element of its breach of contract claim.

### A. Plaintiff's Claims for Declaratory Relief are Non-Cognizable.

Plaintiff raises two claims for declaratory relief. ECF No. 1-3. In its first claim, Plaintiff seeks a declaration: (1) "that [Defendant] has not acted in a business-like manner, with a view of obtaining as large a price as it reasonably can, with due

6

diligence on its part, and in common fairness to all others interested because [Defendant] put an incorrect document number for the deed of trust on the notice of sale;" (2) "that [Defendant] has not, in all matters left to its discretion, exercised fair and honest judgment in seeking non-judicial foreclosure of the Property because [Defendant] put an incorrect document number for the deed of trust on the notice of sale;" and (3) "that a foreclosure sale of the Property on August 1, 2023 would be void for failure to comply with Texas law." *Id.* ¶¶ 24–26. In its second claim, Plaintiff seeks a declaration: (1) "that [Defendant] has not strictly complied with the Deed of Trust because [Defendant] put an incorrect number for the deed of trust in the notice of sale;" and (2) "that a foreclosure sale of the Property on August 1, 2023 would be void for failure to comply with Texas law by failing to strictly comply with the Deed of Trust." *Id.* ¶¶ 31, 32. In sum, Plaintiff's argument is that the Notice of Substitute Trustee's Sale and Appointment of Substitute Trustees lists the deed of trust's recorded document number as "2021-385958, Real Property Records, Harris County, Texas," rather than "RP-2021-385958." ECF No. 13 at 5–6.

Defendant argues that Plaintiff essentially raises an "attempted wrongful foreclosure," which "is not a recognized cause of action in Texas." ECF No. 8 at 5. Defendant points out that "Plaintiff remains in possession of and in title to the Property and therefore there is no genuine issue of material fact regarding any alleged violation of the Texas Property Code." *Id.* at 6.

7

The Court finds that there is no genuine issue of material fact with these claims because attempted wrongful foreclosure is not a basis for declaratory relief. "Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price for the property." *Iroh v. Bank of Am., N A*, No. 4:15-CV-1601, 2015 WL 9243826, at *4 (S.D. Tex. Dec. 17, 2015), *aff'd Iroh v. Bank of Am., N.A.*, 730 F. App'x 236 (5th Cir. 2018) (quoting *Matthews v. JPMorgan Chase Bank, NA,* No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug.1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975))). "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Id.* (quoting *Sauceda v. GMAC Mortg. Corp.,* 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied))). "Defective notice may provide grounds for a wrongful foreclosure action, assuming the property is sold, but Texas does not recognize a cause of action for attempted wrongful foreclosure." *Duchow v. AmeriHome Mortgage Co., LLC*, No. CV H-19-3120, 2019 WL 13191289, at *1 (S.D. Tex. Oct. 30, 2019) (quoting *Johnson v. Bank of Am., N.A.*, No. CIV-A-H-13-2029, 2014 WL 4923970, at *10 (S.D. Tex. Sept. 30, 2014); *Maldonado v. Wells Fargo Bank, N.A.,*

No. CV H-16-3574, 2017 WL 4950063, at *4 (S.D. Tex. Nov. 1, 2017)). "Since 'an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery.'" *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 814–15 (W.D. Tex. 2012) (citing *Biggers v. BAC Home Loans Serv., LP,* 767 F.Supp.2d 725, 729 (N.D. Tex. 2011)).

Here, Plaintiff has neither produced any evidence nor pleaded that a foreclosure sale has occurred or that it is no longer in possession of the property. In fact, quite to the contrary, the record shows that the scheduled foreclosure sale that the state court order restrained the foreclosure referenced in the Notice of Substitute Trustee's Sale. ECF Nos. 1-2; 1-5. *See Marsh*, 888 F. Supp. 2d at 814–15; *Iroh*, 2015 WL 9243826, at *4. Because Plaintiff has not shown that a foreclosure sale ever occurred, Defendant is entitled to summary judgment on these claims. *See Duchow*, 2019 WL 13191289, at *1 (citing *Maldonado*, 2017 WL 4950063, at *4 (explaining that improper notice arguments are generally construed as wrongful foreclosure claims and are subject to dismissal where no foreclosure had taken place); *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011) ("Plaintiff's property code allegations do not state a claim on which relief can be granted. Plaintiff has not alleged an actual violation of the Texas Property Code because no foreclosure sale has occurred. Perhaps Aurora had not adhered to all the notice requirements of § 51.002. And perhaps if the property had been sold that sale could

9

have been set aside. But absent a sale, Plaintiff cannot state a claim under these sections of the Property Code.")).[6]

### B. There is No Genuine Issue of Material Fact Concerning Plaintiff's Breach of Contract Claim.

Similar to its claims for declaratory relief, Plaintiff alleges in its breach of contract claim that Defendant "breached Section 5.15(d) of the Deed of Trust because . . . the notice of sale did not contain the correct document file number for the Deed of Trust." ECF No. 1-3 ¶ 38. Defendant argues that Plaintiff's breach of contract claim fails because: (1) "Plaintiff cannot show it performed under the contract;" (2) Plaintiff "would be unable to show any damages from the alleged breach;" and (3) "Defendant has shown that it performed under the terms of the contract" as evidenced by the proper pre-foreclosure notices. ECF No. 8 at 6–8.

Under Texas law, Plaintiff must prove the following for its breach of contract claim: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Am. Gen. Life Ins. Co. v. Kirsch*, 378 F. App'x 379, 383 (5th Cir. 2010) (citing *Smith Int'l, Inc. v. Eagle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007)).

---

[6] Plaintiff's cited cases are inapposite—in each case, a foreclosure sale took place, or the plaintiff was otherwise no longer in possession of the property. *See Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 766 (Tex. 1983); *First State Bank v. Keilman*, 851 S.W.2d 914, 918 (Tex. App.—Austin 1993, writ denied).

"An essential element of a breach of contract action is the existence of a causal connection between the alleged breach and the damages sought." *Castillo v. Beneficial Fin. I Inc.*, No. 3:13-CV-4554-M, 2017 WL 2374441, at *6 (N.D. Tex. May 15, 2017), *report and recommendation adopted*, No. 3:13-CV-4554-M, 2017 WL 2377952 (N.D. Tex. May 31, 2017) (citing *X Techs., Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 412 (5th Cir. 2013)). "The plaintiff must show that its 'loss is the natural, probable, and foreseeable consequence of the defendant's conduct.'" *Id.* (quoting *Mead v. Johnson Grp., Inc.*, 615 S.W.2d 685, 687 (Tex. 1981)). This "question of causation (foreseeability) which controls liability should be determined from the facts and circumstances of each particular case, and except where reasonable minds cannot differ, the issue is one for the jury." *Id.* (quoting *Strakos v. Gehring*, 360 S.W.2d 787, 792 (Tex. 1962)). "For a party to recover damages for . . . breach of the deed of trust, he must show that he has suffered a loss or material injury as the result of an irregularity in the foreclosure sale." *Id.* (quoting *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594 (Tex. App.—Dallas 2012, no pet.) (citing *Univ. Savs. Ass'n*, 644 S.W.2d at 706)).

"Texas courts have required plaintiffs seeking specific performance to prove several elements in addition to the standard breach of contract elements. First and most importantly, the plaintiff must show that there is no adequate remedy at law to compensate it for its loss." *5436, LLC v. CBS Corp.*, No. CIV.A. H-08-3097, 2009

WL 3378379, at *3 (S.D. Tex. Oct. 16, 2009) (citing *South Plains Switching, Ltd. v. BNSF Ry. Co.,* 255 S.W.3d 690, 703 (Tex. App.—Amarillo 2008, pet. denied) ("It is a fundamental rule of equity that specific performance may not be granted unless it is shown there is no adequate remedy at law."). "[T]he plaintiff must demonstrate that it 'cannot be fully compensated through the legal remedy of damages or [that] damages may not be accurately ascertained.'" *Id.* (quoting *General Universal Sys., Inc. v. Lee,* 379 F.3d 131, 153 (5th Cir. 2004) (citing *Guzman v. Acuna,* 653 S.W.2d 315, 318 (Tex. App.—San Antonio 1983, writ dism'd))). "The plaintiff must also 'plead and prove he was ready, willing, and able to timely perform his obligations under the contract.'" *Id.* (quoting *DiGiuseppe v. Lawler,* 269 S.W.3d 588, 593 (Tex. 2008); *Henry S. Miller Co. v. Stephens,* 587 S.W.2d 491, 492 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.) ("When a party seeks specific performance, he is required at all times to remain ready, willing and able to perform his contractual responsibilities according to the terms of the contract.")).

Assuming without deciding that Defendant's omission of "RP" before the document number constitutes a breach that was not excused by Plaintiff's default,[7]

---

[7] "Under Texas law, it is a 'well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach.'" *Castillo*, 2017 WL 2374441, at *4 (quoting *Langlois v. Wells Fargo Bank Nat. Ass'n*, 581 F. App'x 421, 425 (5th Cir. 2014) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990))). "When the duty under a contract is triggered by a party's failure to perform, however, courts have held in similar fact situations that a borrower's loan default does not excuse the lender from providing proper notice of acceleration." *Id.* (citing *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 580 (N.D. Tex. 2013); *Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F. Supp. 2d 828, 837 (W.D. Tex. 2013)). "It is 'illogical for the Court to conclude that

the Court finds that Plaintiff has not attempted and is unable to demonstrate damages resulting from the alleged breach. In its complaint, Plaintiff "requests specific performance of the contract requiring Wilmington to . . . put[] the correct document file number for the Deed of Trust on any notice and/or document substituting trustees," and alternatively alleges without any further detail, "[Defendant]'s breaches of the Deed of Trust caused [Plaintiff] damages in an amount to be proven at trial." ECF No. 1-3 ¶¶ 39, 40.

Plaintiff does not address its breach of contract damages in its summary judgment response. A plaintiff waives its claims when it fails to brief it in a response to a motion for summary judgment. *Oporto v. City of El Paso Tex.*, 2011 WL 13196177, at *5 (W.D. Tex. Jan. 9, 2011) (collecting cases). Therefore, for this reason alone, the Court may grant summary judgment on its breach of contract claim. *See Ellis v. Carrington Mortgage Services, LLC*, No. 4:19-CV-4370, 2021 WL 3603604, at *4 (S.D. Tex. Aug. 13, 2021).

Even so, it is undisputed that no foreclosure sale has taken place in this case, and Plaintiff remains in possession of the property. ECF No. 1-3 ¶ 1. When no foreclosure sale has taken place and plaintiff retains possession of the property,

---

a borrower cannot enforce a lender's obligations, assumed to be contractual, which arise after the borrower's default merely because that borrower is in default. If that were appropriate, then the alleged contractual notice provisions would become practically meaningless.'" *Id.* (cleaned up) (quoting *Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10–CV–1174–M, 2011 WL 248445, at *2 (N.D. Tex. Jan. 26, 2011)).

plaintiff fails to prove it has suffered damages. *Maldonado v. Wells Fargo Bank, N.A.*, No. CV H-16-3574, 2017 WL 4950063, at *2 (S.D. Tex. Nov. 1, 2017) ("However, Maldonado has not proven any damages as a result of the claimed defects, and there is no evidence in the record that the foreclosure sale ever took place. The breach of contract claim still fails as a matter of law, even if the improper notice argument is considered here."); *accord Johnson v. Bank of America, N.A.*, No. H-13-2029, 2014 WL 4923970, at *8 (S.D. Tex. Sept. 30, 2014) (finding on summary judgment that plaintiffs did not prove any damages as a result of defects of the notice of default because no foreclosure sale had taken place and the plaintiffs had retained possession of the property).

Regarding Plaintiff's request for specific performance, Plaintiff has not alleged, much less produced evidence tending to prove that there is no adequate remedy at law. *See* ECF Nos. 1-3; 13. Further, concerning his alternative request for monetary damages, Plaintiff has not produced evidence demonstrating any expenses tied to Defendant's alleged breach. *See Castillo*, 2017 WL 2374441, at *6 ("Plaintiffs do not meet their summary judgement burden to provide evidence showing no genuine issue of material fact that their damages were produced and caused by Defendant's alleged failure to comply with the notice provisions.") (citing *Balch v. JP Morgan Chase Bank, N.A.*, No. 3:14-CV-3666-M, 2015 WL 1592386,

14

at *3 (N.D. Tex. Apr. 8, 2015) (explaining that "[p]otential foreclosure is an insufficient basis for compensatory damages")).

Therefore, the Court concludes that Defendant's motion for summary judgment should be granted on Plaintiff's breach of contract claim. *See Becirevic v. Navient Sols., LLC*, No. 418CV00363ALMCAN, 2019 WL 4046770, at *7 (E.D. Tex. May 30, 2019), *report and recommendation adopted*, No. 4:18-CV-363, 2019 WL 4253940 (E.D. Tex. Sept. 9, 2019) ("Because Plaintiff cannot establish a connection between his alleged damages and Defendant's alleged breach, Plaintiff's breach of contract claim fails as a matter of law and should be dismissed.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.")).

### C. Plaintiff Waived Its "Unreasonable Debt Collection Efforts" Claim.

In its "unreasonable debt collection efforts" claim under the "common law of the State of Texas," Plaintiff alleges that it applied to the mortgage servicer for a maturity date extension, but the servicer directed Plaintiff to Finance of America Commercial's servicing and customer care team, which was false information because Finance of America Commercial had already assigned the loan to Defendant. ECF No. 1-3 ¶¶ 43, 44. Plaintiff complains that it "relied on this

15

information by contacting [Finance of America Commercial] that did not even own the Loan any longer, instead of contacting [Defendant]." *Id.* ¶ 46.

Defendant argues that it is entitled to summary judgment on this claim "because as a matter of law, the conduct complained of by the non-party loan subservicer [] was not 'willful, wanton, malicious, and intended to inflict mental anguish and bodily harm,'" and the "evidence shows that Plaintiff was informed that a maturity date extension would not be granted, and the denial of that extension was simply a business decision within the purview of Defendant and the entities that service the Loan." ECF No. 8 at 9.

"In Texas, 'unreasonable collection is an intentional tort.'" *Daou v. Bank of New York Mellon*, No. 3:11-CV-2686-N, 2012 WL 13103371, at *10 (N.D. Tex. July 31, 2012) (cleaned up) (quoting *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.)). "To recover on this claim, Plaintiff[] must prove that Defendant['s] debt collection efforts 'amount to a course of harassment that was willful, malicious, and intended to inflict mental anguish and bodily harm.'" *Id.* (quoting *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 WL 629440, at *1 (E.D. Tex. Feb. 3, 2012), *report and recommendation adopted*, No. 4:11-CV-375, 2012 WL 629433 (E.D. Tex. Feb. 27, 2012) (citing *EMC Mortg. Corp.*, 252 S.W.3d at 868)). "Generally, this cause of action is based on actual collection efforts, such as harassing telephone calls outside the bounds of routine

collection methods." *Emenogu v. Wells Fargo Bank, N.A.*, No. CV H-12-2413, 2013 WL 12141358, at *7 (S.D. Tex. Sept. 25, 2013) (citing *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H–12–2466, 2013 WL 286250, at *6 (S.D. Tex. Jan. 24, 2013) (citing *EMC Mortg. Corp.*, 252 S.W.3d at 864–65)).

First, Plaintiff waived this claim by failing to respond to Defendant's related summary judgment arguments. *See Oporto*, 2011 WL 13196177, at *5. Notwithstanding waiver, the Court finds that the record does not demonstrate a genuine issue of material fact concerning Defendant's purported unreasonable debt collection efforts. In its complaint, Plaintiff alleges without detail that "[s]uch acts and practices of the defendant [] have been unreasonable and have violated the ordinary standard of care required of mortgage lenders in Texas." ECF No. 1-3 ¶ 47. Plaintiff fails to plead or explain how this alleged conduct was willful or malicious, much less that Defendant intended to inflict mental anguish and bodily harm in collecting its debt. *See Daou*, 2012 WL 13103371, at *11. Summary judgment should be granted on this claim.

### D. There Is No Underlying Claim Entitling Plaintiff to Injunctive Relief.

Under Texas law, a plaintiff must have a viable underlying claim to be entitled to injunctive relief. *See Bring v. Am.'s Servicing Co.*, No. CV H-16-3109, 2017 WL 7794359, at *3 (S.D. Tex. Dec. 7, 2017) (request for injunctive relief must be dismissed when there is no viable cause of action) (citing *Barcenas v. Fed. Home*

*Loan Mortg. Corp.*, No-12-2466, 2013 WL 286250, at *9 (S.D. Tex. 2013)); *see also Green v. Amerihome Mortgage Co., LLC*, No. 4:20-CV-0153, 2020 WL 2106692 (S.D. Tex. Apr. 16, 2020*), report and recommendation adopted*, No. CV H-20-153, 2020 WL 2104639 (S.D. Tex. May 1, 2020). Because the Court recommends granting summary judgment on all of Plaintiff's claims, any claim for injunctive relief should not survive summary judgment.

### IV. CONCLUSION

The Court recommends that Defendant's motion for summary judgment should be **GRANTED**. ECF No. 8.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

Signed at Houston, Texas, on January 29, 2024.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**